# Richmond.

## TENCH v. GRAY.

### JANUARY 14, 1904.

#### Absent, Buchanan, J.*

1. MOTION FOR JUDGMENT FOR MONEY—*Notice—Requisites—How Time Calculated.*—A motion for a judgment for money under Code, section 3211, can only be made after fifteen days' notice in writing, and where the notice is to the first day of the next term of a court the time is to be calculated to the day appointed by law for the court to sit, and not to the day on which the court actually opens. Although such motions are viewed with great liberality, the notice must state in clear and unmistakable terms the names of the parties, the amount for which judgment will be asked, and the time and place at which the motion will be made.

Error to a judgment of the Circuit Court of Sussex county, in a proceeding by motion, wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Affirmed.*

The opinion states the case.

*George Mason,* for the plaintiff in error.

*J. F. West,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

*Judge Buchanan was detained at home by sickness.

On October 13, 1900, the plaintiff in error had written notice served upon the defendant in error by the sheriff of Sussex county, informing him that on the first day of the next term of the Circuit Court for the county of Sussex she would move that court for a judgment against him for the sum of $615.30, with interest thereon from the 30th day of November, 1898, until paid. This notice was returned to the clerk's office on the 16th day of October, 1900, and was placed by the clerk on the docket of the court. The time fixed by law for the term to begin was October 27, 1900, but the court did not open until October 29, 1900. Under the law no judgment could be given upon this notice unless served on the defendant at least fifteen days before the day on which the motion was to be made. The day fixed by law for the term to begin being October 27, 1900, it is apparent that a notice served October 13, 1900, did not give the fifteen days required before the day the motion was to be made. The contention, however, of the plaintiff in error is that because the court did not open until October 29, 1900, the last-named day became the first day of the term, and the fifteen days having then elapsed, she could, under the notice given, obtain judgment on that day.

It is true that courts view with indulgence these proceedings by motion upon notice, but this liberality has not gone to the extent of dispensing with the necessity for fixing a definite and certain day when the defendant can answer the demand for a judgment against him. The names of the parties, the amount for which judgment will be asked, and the time and place at which the motion will be made must be stated in clear and unmistakable terms.

This court has held that, on motion for judgment for money, under section 3211 of the Code, the notice takes the place of both the writ and the declaration. *Morotock Ins. Co.* v. *Paukey,* 91 Va. 259, 21 S. E. 487; *Grubbs* v. *National Life Ins. Co.,* 94 Va. 589, 27 S. E. 464. As the notice is in lieu of the writ, it must, like the writ, summon the party upon whom it is served

to a fixed and certain day, when he can appear and make his defence. The statute declares when the terms of courts shall commence, and a litigant has a right to assume that the law will be complied with, and should not suffer loss from acting on that assumption.

In the case at bar the defendant in error had the right to interpret the notice, which informed him that judgment would be asked against him on the first day of the next term, to mean that the motion would be made on the day fixed by law for the term to begin. In short, that notice as given was equivalent to saying, "On the first day of the next term, that being the 27th day of October, 1900." Indeed, it would have been a violent presumption that he was expected to make his defence on some other day to be determined by the judge, whose mind on the subject was unknown to the defendant in error. If the court had opened on the first day of the term fixed by law, it cannot be denied that the notice in question would have been insufficient, and no judgment could have been had upon it. The mere circumstance that the court did not open for several days after the day fixed by law for the term to begin could not operate to revive and lengthen a notice that had already perished by reason of the inherent infirmity of being too short.

The case of *Skipwith's Ex'or* v. *Cunningham,* 8 Leigh, 271, 31 Am. Dec. 642, is not authority for the position taken by counsel for plaintiff in error. That case turned upon the question, whether a judgment related back to the first day of the term appointed by law, or to the first day of the term on which the court actually commenced its session. It was held that the judgment related back to the *commencement of the term,* that being regarded as the day the session actually begun, and did not, therefore, have priority over a deed of trust recorded the day appointed by law for the court to begin. In other words, the decision was that the *commencement of the term* was the first day on which the court was actually in session.

The question in the case at bar is not when the term actually commenced, but *when was the first day of the next term of the Circuit Court for the county of Sussex,* in contemplation of the notice that judgment would be asked on that day against the defendant in error. The statute answered that question for the defendant in error by providing October 27, 1900, as the first day of the term in question. Under the notice, that was the only day that could possibly have been known to the defendant in error, upon which he could have appeared to defend the motion.

For these reasons the judgment of the lower court, quashing the notice as insufficient and dismissing the motion, must be affirmed.

*Affirmed.*