## Wytheville.

### CHANDLER V. BALTIMORE, CHESAPEAKE AND ATLANTIC RAILWAY COMPANY.

June 12, 1919.

1. NOTICE OF MOTION FOR JUDGMENT FOR DAMAGES—*Sufficiency—General and Special Damages.*—A notice of motion for a judgment for damages against a carrier for negligently failing to transport potatoes delivered to it by plaintiff with reasonable dispatch, under section 3211 of the Code of 1904, as amended by Acts 1916, p. 760, was demurred to by defendant because it showed that plaintiff was seeking to recover special damages and there was no allegation in the notice that the defendant was given any notice that special circumstances or urgency required unusual dispatch, or that special damages would be required. Plaintiff denied that the notice made a claim for special damages. The Supreme Court of Appeals held that it was unnecessary to pass on that question. If the notice stated with necessary particularity a case which, if proved, entitled the plaintiff to recover, it was sufficient on demurrer. If the plaintiff had sued in assumpsit, he could have united counts for special damages with counts for general damages in his declaration, and it would not have been subject to demurrer, and he may do the same thing in a proceeding by motion.

2. PROCEDURE BY MOTION—*Pleading Regarded with Leniency.*—The procedure by motion is intended to give the plaintiff a simpler, cheaper and more expeditious mode of procedure than is provided by a regular common-law action, and, for this reason, it has been uniformly viewed with more leniency, and a greater laxity has been allowed in the pleadings than in regular actions.

3. MOTION FOR JUDGMENT FOR DAMAGES—*Carriers—Delay in Transportation—Sufficiency of Notice.*—The notice in the instant case sufficiently alleged that the plaintiff delivered to the defendant 269 barrels of potatoes to be transported from Concord, Va., and delivered to the plaintiff at Pitcairn, Pa., that the defendant negligently failed to trasport said potatoes to their destination with reasonable dispatch, and that by reason thereof the plaintiff sustained the damages stated in the no-

tice. If these facts were proved, the notice stated a case for recovery, and it is immaterial whether the notice stated the correct measure of damages or not. The extent of plaintiff's recovery was to be fixed by evidence.

4. Notice of Motion for Judgment—*Action by Skipper against Carrier—Title of Shipper.*—A notice of motion for a judgment for damages against a carrier for negligently failing to transport potatoes delivered to it by plaintiff with reasonable dispatch, under section 3211 of the Code of 1904, as amended by Acts 1916, p. 760, was demurred to by defendant because the notice showed that there was a f. o. b. sale of the potatoes shipped, which disentitled the plaintiff to sue. It did not appear from the notice whether any bill of lading was ever issued or not, although the Carmack amendment required one, but it did appear that the consignor was also the consignee, and presumably had never parted with his title to the potatoes. The statement that the potatoes had been sold, taken in conjunction with other allegations of the notice, was no evidence that the plaintiff had parted with his title, even if that could affect the right to maintain the action.

*Held:* That this ground of demurrer should have been overruled.

Error to a judgment of the Circuit Court of Northampton county, in a proceeding for a judgment for damages. Judgment for defendant. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*Mapp & Mapp,* for the plaintiff in error.

*Stewart K. Powell* and *Geo. R. Allen,* for the defendant in error.

Burks, J., delivered the opinion of the court.

This is a proceeding by notice for a judgment for damages under section 3211 of the Code of 1904, as amended by Acts 1916, p. 760. A demurrer to the notice was sustained, and the plaintiff assigns error.

We do not entertain any doubt that the mode of procedure

is warranted by the statute if the notice stated a case for recovery. The following is a copy of the notice:

"To the Baltimore, Chesapeake and Atlantic Railway Company, a corporation:

"You are hereby notified that on the 11th day of March, 1918, I shall move the Circuit Court of the county of Northampton, Virginia, for a judgment against you for the sum of seven hundred and twenty-five dollars and fifteen cents ($725.15), with interest thereon from the 18th day of July, 1917, until paid, and costs, the same being due to me from you for loss on 269 barrels of Irish potatoes delivered by me to you, and by you accepted for transportation over your steamboat and railroad lines to me at Pitcairn, Pa., on July 13, 1917, said delivery and acceptance having been in time for shipment on said date July 13, 1917, said delivery and acceptance having been at Concord, Northampton county, Virginia. After said delivery and acceptance on July 13, 1917, you and your agents negligently failed to take proper care of said Irish potatoes while at said Concord, Virginia, and likewise negligently failed to transport same on said date of July 13, 1917, or on July 14, 15 or 16, 1917, but on the contrary did not transport any of said potatoes until July 17, 1917, on which date you transported 200 barrels of said potatoes in M. St. P. and S. S. M. car No. 13580 to me at Pitcairn, Pa., and the remaining sixty-nine barrels you did not transport until July 18, 1917, said sixty-nine barrels having been transported in L. & N. car No. 14030 to me at Pitcairn, Pa., both of said shipments having been from me. You likewise negligently failed to transport said potatoes with reasonable dispatch.

"Said 269 barrels of Irish potatoes had been sold for shipment on July 13, 1917, by me at five dollars and fifty cents ($5.50) per barrel, f. o. b. Concord, Virginia, same being the market value of potatoes of that grade

on July 13, 1917, the net amount to be received for same being fourteen hundred and seventy-nine dollars and fifty cents ($1,479.50), but because of your negligence in failing to take proper care of said potatoes after the delivery to you at Concord, Virginia, and because of your negligence in failing to ship same on said date of July 13, 1917, and on July 14, 15, and 16, 1917, and because of your negligence in failing to transport said potatoes with reasonable dispatch, said 269 barrels of potatoes were refused and had to be re-sold by me, the net proceeds received for same by me were seven hundred and fifty-four dollars and thirty-five cents ($754.35), leaving a balance due me by you as a result of your negligence of seven hundred and twenty-five dollars and fifteen cents ($725.15).

"A certified account is herewith filed.

"Given under my hand this the 19th day of January, 1918.

"J. W. CHANDLER,

MAPP & MAPP, p. q."                    "By Counsel.

To this notice the defendant demurred: (1) Because it shows that the plaintiff is seeking to recover special damages and there is no allegation in the notice that the defendant was given any notice that special circumstances or urgency required unusual dispatch, or that special damages would be required. (2) Because the notice shows that there was a f. o. b. sale of the potatoes shipped, which disentitles the plaintiff to sue.

[1-3] The plaintiff in error denies that the notice makes a claim for special damages, but it is unnecessary for us to pass on that question. If it states with necessary particularity a case which, if proved, entitles the plaintiff to recover, it is sufficient on demurrer. If the plaintiff had sued in assumpsit, he could have united counts for special damages, with counts for general damages in his declaration,

and it would not have been subject to demurrer, and he may do the same thing in a proceeding by motion. The procedure by motion is intended to give the plaintiff a simpler, cheaper and more expeditious mode of procedure than is provided by a regular common-law action, and, for this reason, it has been uniformly viewed with more leniency, and a greater laxity has been allowed in the pleadings than in regular actions. *Whitley* v. *Booker Brick Co.,* 113 Va. 434, 74 S. E. 160. The notice in the case at bar sufficiently alleges that the plaintiff delivered to the defendant 269 barrels of potatoes to be transported from Concord, Va., and delivered to the plaintiff at Pitcairn, Pa.; that the defendant negligently failed to transport said potatoes to their destination with reasonable dispatch, and that by reason thereof the plaintiff sustained the damages stated in the notice. If these facts were proved, the notice stated a case for recovery, and it is immaterial whether the notice stated the correct measure of damages or not. The extent of his recovery was to be fixed by evidence. The first ground of demurrer should, therefore, have been overruled.

[4] The second ground of demurrer should also have been overruled. It does not appear from the notice whether any bill of lading was ever issued or not, although the Carmack amendment requires one, but it does appear that the consignor was also the consignee, and presumably had never parted with his title to the potatoes. The statement that the potatoes had been sold, taken in conjunction with other allegations of the notice, was no evidence that the plaintiff had parted with his title, even if that could affect the right to maintain the action. *Norfolk-Southern R. Co.* v. *Norfolk Truckers' Exchange, Inc.,* 118 Va. 650, 88 S. E. 318.

The trial court erred in sustaining the demurrer to the plaintiff's notice, and for this error its judgment must be reversed.

*Reversed.*