# Richmond.

## SARA H. PEREIRA, EXECUTRIX, v. DAVIS FINANCIAL AGENCY, INC., AND JOHN S. DAVIS.

### November 18, 1926.

1. COURTS—*Circuit Courts—Jurisdiction—Action Against Corporation and Co-Defendant on Promissory Notes—Service of Process—Case at Bar.*— The instant case was an action against a corporation as the maker of two promissory notes and the endorser of the notes, an individual. The action was instituted in the circuit court of the county in which the corporation had its principal office. The circuit court of the county being a court of general jurisdiction had complete jurisdiction of the instant case but the court could not proceed to exercise this potential jurisdiction, conveyed by general law, except by the consent of the parties unless the court had acquired active jurisdiction of the defendants, or one of them, by lawful process, lawfully served.

2. NOTICE OF MOTION FOR JUDGMENT UNDER SECTION 6046 OF THE CODE OF 1919—*Object of the Statute.*—The very object of the proceedings by notice of motion under section 6046 of the Code of 1919 is to afford a ready remedy to the plaintiff, a more expeditious, a simpler and cheaper remedy, shorn of the common law technicalities. The notice emanates from the plaintiff free from the pitfalls and dangers to which the rigid common law subjects processes issuing from the courts, and not until a return thereof has been duly made to the clerk of the court does the notice come within the control of the court.

3. NOTICE OF MOTION FOR JUDGMENT—*Section 6046 of the Code of 1919— Liberal Construction.*—In so far as the sound policy of the law will permit, section 6046 of the Code of 1919, providing for the proceeding by notice of motion for judgment, should be construed with great liberality.

4. NOTICE OF MOTION FOR JUDGMENT—*Action at Law.*—Section 6046 of the Code of 1919 permits a litigant to proceed by notice of motion in lieu of proceeding by action at law—this term being used in its technical sense for the reason that in reality notice of motion is an action at law.

5. VENUE—*Corporations—Action on Note—Joint Defendants—Case at Bar.*—The instant case was an action on two promissory notes by

plaintiff against a domestic corporation, the maker of the notes, and the endorser, an individual, in the circuit court of the county wherein the corporation had its principal office, the venue, in the proceeding by notice of motion, was, under the provisions of sections 6046 and 6049 of the Code of 1919, as well as under section 6050, clearly proper as to the defendant corporation and being proper as to the corporation defendant, it was necessarily proper as to the individual defendant regardless of his residence.

6. VENUE—*Judgment by Default After Lawful Service—Case at Bar.*—The instant case was an action on two promissory notes by plaintiff against a domestic corporation, the maker of the notes, and the endorser, an individual, in the circuit court of the county wherein the corporation had its principal office.

   *Held:* That after the defendants were lawfully served with process they were debarred from raising the question of venue after judgment by default.

7. SERVICE OF PROCESS—*Corporations—Section 6063 of the Code of 1919.*—It was the purpose of the legislature to restrict the service of notice in every case against a corporation either to the county of the venue or to the county of the principal office.

8. SERVICE OF PROCESS—*Corporations—Sections 6063 and 6066 of the Code of 1919.*—Section 6063 of the Code of 1919, to which section 6066 refers, specifically designates the county to which the process or notice may be sent, while section 6066 relates to the person on whom service may be had and the manner in which the process or notice may be served. Section 6066 of the Code of 1919 does not modify section 6063 of the Code of 1919.

9. SERVICE OF PROCESS—*Corporations—Section 6063 of the Code of 1919.*— Provisions of section 6063 of the Code of 1919 qualified sections 6049 and 6055 and 6056 of the Code of 1919, and notice to a corporation, in a motion proceeding, can be lawfully sent out (and served) only to the county in which is located the principal office of such company.

10. SERVICE OF PROCESS—*Corporation a Co-Defendant—Service in Another County than that in which Suit was Brought—Case at Bar.*—In the instant case plaintiff brought her action on two promissory notes against a domestic corporation in the circuit court of the county in which the corporation had its principal office, as maker, and against the endorser, a natural person. The notice was served on the endorser in another county, the place of his residence, and was sought to be served on the corporation in the other county by delivering copies of the notice of motion to its secretary and treasurer. Default judgments were rendered against the defendants, and the defendants sought to set aside the judgments on the ground that the notices of motion were not served on defendants as required by statute.

*Held:* That the lower court did not have active jurisdiction of the defendant corporation and therefore the judgment rendered against it was void, but that the endorser was properly served with notice under the provisions of section 6041 of the Code of 1919, which are not modified by section 6063 of the Code of 1919; and if he had wished to raise the question of venue he should have done so by filing his plea in abatement. Not having done so he waived his right to test the question of venue and permitted a valid judgment to go against him by default.

Error to a judgment of the Circuit Court of Albemarle county, in a proceeding by motion for a judgment for money. Judgment for defendants. Plaintiff assigns error.

*Affirmed in part; reversed in part.*

The opinion states the case.

*Gilmer & Graves,* for the plaintiff in error.

*L. O. Haden* and *Geo. E. Walker,* for the defendant in error.

CAMPBELL, J., delivered the opinion of the court.

The plaintiff in error and the defendants in error occupied the respective positions of plaintiff and defendants in the law action in the lower court, hence will be referred to as such in this opinion.

There is no dispute as to the facts of the case.

On April 11, 1925, plaintiff gave notice to the defendants, Davis Financial Agency, a domestic corporation with its principal office in the county of Albemarle, and John S. Davis, a natural person residing in the county of Fluvanna, as co-defendants, that on May 8, 1926, she would move the Circuit Court of Albemarle county for judgment for $2,325.50 against them, on two promissory notes of which they were, respectively, maker and endorser.

On April 13, 1925, the notice of motion was served on John S. Davis, in Fluvanna county, the place of his residence, and there sought to be served upon the corporation, by delivering to John S. Davis, secretary and treasurer of the corporation, copies of the notice of motion. These notices were not served by an officer, but were served by C. S. Huffman, a private person, who made affidavit of the fact of service in the return which was made on April 14, 1925, within the five days prescribed by law.

The motion being duly docketed, on May 8, 1925—there being no appearance by the defendants—the circuit court entered judgment by default in favor of the plaintiff for the sum demanded in the notice. On May 16, 1925, after the adjournment of court, an execution issued out of the clerk's office of the circuit court on this judgment. On October 31, 1925, the defendants had served upon the plaintiff the following notice:

"You are hereby notified that on Saturday, November 7, 1925, we shall move the Circuit Court of the county of Albemarle, Va., at the court house thereof, to quash an execution out of the clerk's office of the said circuit court on May 16, 1925, returnable to second July rules, on a judgment entered by the said circuit court on May 8, 1925, against the undersigned for the sum of $2,325.50 with interest on $1,276.00, a part thereof, from September 2, 1922, and on $1,149.00, a part thereof, from September 2, 1923, which judgment was docketed on May 8, 1925, in J. L. D. 7, page 14.

"You are also notified that at the same time and place a motion will be made to set aside the judgment as a nullity and void *ab initio.*

"This motion will be made upon the ground that the court had no juridiction whatsoever; the notice of

motion for judgment was never served on the Davis Financial Agency, a corporation, as required by the statute law of Virginia, nor did the court acquire jurisdiction of the undersigned, John S. Davis, because he had no legal notice of the proceedings."

At the November term of the court the motion to quash the execution and set aside the judgment was heard and sustained.

In the petition of plaintiff the issue is presented thus:

"The questions of law involved are, whether a motion to vacate a judgment by default will be sustained, where venue is based on the ground that a domestic corporation is a party defendant and has its principal office in the county in which the proceedings are instituted, because notice of motion therein was sent out of the county to which returnable, to a county within the State, where a co-defendant resides, and was there served by delivering a copy of the notice in person,

"(a) to the natural person, and,

"(b) to the secretary and treasurer of the corporation where he resides, by a private person, who made affidavit of these facts of service, the proceedings being regular in all other respects.

[1] The Circuit Court of Albemarle county being a court of general jurisdiction, there can be no doubt that it had complete jurisdiction of the instant case. But the court may not proceed to exercise this potential jurisdiction thus conferred by general law, except by consent of the parties; or, lacking their consent, the court has acquired active jurisdiction of the defendants, or one of them, by lawful process, lawfully served.

[2, 3] The proceedings in the instant case were, by notice of motion, under section 6046 of the present Code of Virginia, the very object of which is to afford a ready remedy to the plaintiff, a more expeditious, a

simpler and cheaper remedy, shorn of the common law technicalities. The notice emanates from the plaintiff free from the pitfalls and dangers to which the rigid common law subjects processes issuing from the courts, and not until a return thereof has been duly made to the clerk of the court does the notice come within the control of the court. In so far as the sound policy of the law will permit, it should be construed with great liberality. To hold otherwise would defeat the very spirit and purpose of the act itself.

In order to carry out this wide departure from the common law rule, the jurisdiction of the courts, venue of the action, service of process, and notice and procedure have become matters of legislative enactments, ruled by and controlled within the limits fixed by the lawmaking body.

Section 5890 of the Code provides that the circuit courts shall have original and general jurisdiction of all cases in chancery and civil cases at law.

Section 6049 of the Code provides in part: "Any action at law or suit in equity, except where it is otherwise especially provided, may be brought in any county or corporation. First: Wherein any of the defendants may reside; Second: If a corporation be a defendant, wherein its principal office is, or wherein its mayor, rector, president, or other chief officer resides."

Section 6050 of the Code provides: "An action or suit may be brought in any county or city wherein the cause of action, or any part thereof, arose, although none of the defendants reside therein."

[4] Section 6046 permits a litigant to proceed by notice of motion in lieu of proceeding by action at law—this term being used in its technical sense for the reason that in reality notice of motion is an action at law. Burks' Pl. & Pr.

In section 6046 it is further provided that the notice shall not be sent out of the county or city in which the judgment is to be asked, except in those cases in which process can be sent out under the provisions of sections 6055 and 6056. By section 6055 it is provided that: "Process from any court, whether original, *mesne* or final, may be directed to the sheriff or sergeant of any county or city  *  *  *. If it appear to be duly served and good in other respects, it shall be deemed valid, although not directed to any officer, though executed by some other person."

Pertinent to the case at bar, section 6056 provides that:

"Process against the defendant to answer in any action, suit, or motion brought under section six thousand and fifty, shall not be executed in any other county or city than that wherein the action, suit or motion is brought;" unless it be:

"An action against a corporation, or

"An action against two or more defendants on one of whom such process has been executed in the county or city in which the action is brought; or

"Unless it be otherwise specially provided."

[5] It is the contention of the defendants that this proceeding is solely under the provisions of section 6046. We do not think so. As the corporation defendant had its principal office in the county of Albemarle, *the venue*, in the proceeding by notice of motion, was, under the provisions of sections 6046 and 6049, as well as under section 6050, clearly proper as to that defendant; and being proper as to the corporation defendant, it was necessarily proper as to the defendant Davis, regardless of his residence.

[6] The question, however, is immaterial, for the

reason that if the defendants have been lawfully served with process, they are debarred from raising the question of venue after judgment by default.

Thus, we now come to a consideration of the legal effect upon the corporation by action of the plaintiff in sending the notice out of the county.

From reading sections 6049 and 6055, we gather that in an action against a corporation, brought in the county "where its principal office is," process may be addressed to the officer of *any county* in the Commonwealth, or where, under section 6056, the sole ground of venue is that "the cause of action arose" in that county, process against a corporation may likewise be sent out of the county. The situation is the same with respect to notice of motion under the provisions of sections 6046 and 6056.

Thus it would seem, from a cursory examination of the statutes adverted to, that notice in the case at bar was properly sent out of the county for service, as to both defendants.

[7] However, upon a closer analysis, we are confronted with the provisions of section 6063. The features of this section with which we are concerned are: Process against, or notice to, a domestic corporation, may, unless otherwise provided, be served on certain designated officers, *if found in the county in which the suit, action, or proceeding is commenced;* "and whether so found or not, it may be sent to the county in which is located the principal office of such company and be there served on any officer or agent of such company found at such office."

It is contended by the plaintiff that the language of this section is merely directory and optional and only the language "service on any person other than a statutory agent under either of the three preceding sections (referring to sections 6063, 6064 and 6065)

shall be by delivering to him a copy of the process or notice in the county or city wherein he resides, or his place of business · * * *,'' contained in section 6066, is mandatory. The answer to this contention is, if it were not the purpose of the legislature to restrict the notice in every case against a corporation, either *to the county of the venue or to the county of the principal office*, why was it enacted?

There was clearly abundant provision, as shown, for sending the notice out to any county in the State.

[8] When sections 6063 and 6066 are compared, the distinction is noticeable. Section 6063, to which section 6066 refers, specifically designates the county to which the process or notice may be sent, while section 6066 relates to the person on whom service may be had and the manner in which the process or notice may be served. We are unable to discern any modification of section 6063 contained in section 6066.

[9] It is the duty of the courts to harmonize, if possible, conflicts in legislative enactments and to give effect to all of the provisions adverted to. This being true, we feel constrained to hold that the provisions of section 6063 qualified the other section cited; and that notice to a corporation, in a motion proceeding, can be lawfully sent out (and served) only to the county in which is located the principal office of such company.

Since the notice in the instant case was admittedly sent to Fluvanna county, when the principal office of the corporation was in Albemarle county, we must conclude that the lower court did not have active jurisdiction of the defendant corporation, and, therefore, the judgment rendered against it is void.

This being true as to the corporation, is it also true as to Davis, the co-defendant? We think not. He was sued in a court of competent jurisdiction, the venue

being where the principal office of the corporation was. He falls within the provision of section 6049 and not within the restrictions as to sending out notice embodied in section 6056. The court granting the judgment was one of competent jurisdiction. The defendant, Davis, was properly served with notice under the provisions of section 6041, which are in no way modified or changed by section 6063. If he wished to raise the question of venue, he should have done so by availing himself of the provisions of section 6105—by filing his plea in abatement. He thus waived his right to test the question of venue; he made no defense, but permitted a valid judgment to go against him by default.

The debt, so far as the record shows, is an honest one. The only complaint here made is that the rules of procedure laid down by the legislature have not been followed. While we are of the opinion that the rules of procedure have been strictly followed, yet if they had not been followed, we would be loth to hold that a private suitor shall be regarded as having such a vested right in mere rules of procedure as to defeat a debt clearly shown to be just.

[10] For the error committed by the trial court in sustaining the motion to quash the execution as to John S. Davis and in annulling and setting aside the judgment as to him, the case must be reversed, and this court will enter a judgment against John S. Davis, in favor of the plaintiff in error, for the sum of $2,325.50, with interest thereon at six per cent as follows: On $1,276.00, a part, from September 2, 1922, and on the residue, from September 2, 1923, until paid, homestead exemption waived, together with her costs in the trial court and in this court.

*Affirmed in part, reversed in part.*