# 𝔚𝔂𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢

ARTHUR WARREN V. J. M. SHACKELFORD.

June 15, 1933.

Present, Holt, Epes, Hudgins, Gregory, Browning and Chinn, JJ.

The opinion states the case.

*J. B. Allman, B. A. Davis, Jr.,* and *Joseph F. Hall,* for the plaintiff in error.

*Taylor & Broaddus, Parrish & Butcher,* and *W. J. Parrish, Jr.,* for the defendant in error.

BROWNING, J., delivered the opinion of the court.

The action here was by notice of motion for judgment which was filed in the clerk's office of Henry county on August 31, 1931, and served on the defendant on that day. The notice was made returnable on September 21, 1931. The day of service was a day after the final adjournment of the regular term of the Circuit Court of Henry county and before the beginning of the next term of the court which convened on the first Monday in October, 1931. On that day the defendant appeared specially and moved the court to dismiss the cause of action for want of jurisdiction, because the notice of motion was made returnable at a time when the court was not in session, after the final adjournment of a previous term and before the convening of the subsequent term.

The court dismissed the cause of action and refused to reinstate it on the grounds directed against it, that is, that it was without jurisdiction, and the matter is before us on the single question of the applicability and construction of section 6046 of the Code of Virginia.

The pertinent part of the statute is as follows:

"In event the return day of any notice given, under the provision of this section, should happen to be a day of the term on which the court did not sit or a day after the final adjournment of a term, such notice shall not be lost, but shall be deemed matured for hearing on the first day thereafter of the same term on which the court sits, or the first

day of the next regular term of the said court, as the case may be, and shall be docketed on that day by the clerk."

The precise question involved has not heretofore been considered and determined by this court, but we perceive no difficulty in its disposition in view of the plain meaning and terms of the language quoted, which was the subject of the amendment of 1928 to the section (Acts 1928, ch. 121).

It has been repeatedly said by this court, that motions for judgment under this section are viewed with great liberality. *Tench* v. *Gray,* 102 Va. 215, 46 S. E. 287; *Chandler* v. *Baltimore, etc., R. Co.,* 125 Va. 63, 99 S. E. 794; *Pereira* v. *Davis Financial Agency,* 146 Va. 215, 135 S. E. 823.

The above liberality in construction is doubtless in harmony with the policy of the law and the intention of the legislature.

It seems patent that the very language quoted was used to meet just such a situation as is here present and that no circumlocution of argument or subtlety of reasoning can override it.

The trial court, in our opinion, erred in dismissing the cause of action and in refusing to reinstate it. We reverse the judgment and direct that the case be reinstated on the docket to be proceeded with as the court and parties litigant may be advised.

*Reversed and remanded.*