GRINROD PROCESS CORPORATION *v.* J. M. ROTHWELL

(No. 8285)

Submitted September 8, 1936. Decided September 15, 1936.

LITZ and KENNA, JUDGES, dissenting.

*J. O. Henson* and *Stephen Ailes*, for plaintiff in error.

*James S. Easley* and *Glenn W. Ruebush*, for defendant in error.

MAXWELL, JUDGE:

This is a proceeding by notice of motion for judgment brought by Grinrod Process Corporation against J. M. Rothwell in the Circuit Court of Berkeley County upon a judgment rendered in favor of said corporation against Rothwell in the Circuit Court of Rockingham County, Virginia, June 17, 1932, in the amount of $1747.02.

The notice was returnable May 22, 1935. On that day, the defendant appeared by counsel and filed his written demurrer to the notice, the principal ground assigned being that a judgment is not a contract within the meaning of the West Virginia statute authorizing proceedings upon notice of motion and that therefore this proceeding must fail. On June 1, 1935, the demurrer to the notice was overruled, and the said defendant not pleading further at that time, a judgment by default was entered. The order of judgment recites that the defendant moved the court for further time to enable him to ascertain as to the regularity of the judgment sued on, which motion the plaintiff opposed. The court refused to grant further time and rendered judgment. The defendant excepted to the court's action.

On June 28, 1935, the affidavit of J. O. Henson, attorney for Rothwell, was filed in open court at the same term at which the judgment had been rendered. The affidavit states that at the time of the entry of the judgment, counsel for the plaintiff agreed with affiant, in event it was subsequently ascertained any irregularity existed in the proceedings in the Circuit Court of Rockingham County, Virginia, in entering the judgment sued on, that the judgment in the Circuit Court of Berkeley County might be set aside and such irregularity passed upon by the court. The affidavit goes on to recite that the defendant now produces in court a complete record of the

Virginia case, properly certified, and that therefrom it appears that process therein was served in Albemarle County, although the proceeding was pending in Rockingham County. The affiant states that he is familiar, as the agent of Rothwell, with all the facts concerning the claim of Grinrod Process Corporation against the defendant, and that, as affiant verily believes, there is no sum justly due from the defendant to the plaintiff, upon the matters set forth in the notice of motion.

The papers filed with the affidavit disclose that the principal office of the plaintiff corporation is located at Harrisonburg, Rockingham County, Virginia; that the process in the Virginia proceeding (statutory motion for judgment) was served on Rothwell in Albemarle County, Virginia, and on Milk Industries, Inc., a corporation, in the same county by delivering a copy of the notice to Rothwell, president of said corporation, that being the county wherein he resided.

Upon the showing made by the affidavit and the papers filed therewith, the defendant moved the Circuit Court of Berkeley County to set aside the judgment which had been rendered the 31st of May, 1935, and this, by order of June 28, 1935, the court refused to do. It is to the latter order that this writ of error is prosecuted.

There are but two questions involved:

First. Is the judgment of a sister state a contract upon which notice of motion for judgment may be based in West Virginia under Code, 56-2-6?

Second. Was the service of process in the Virginia proceeding sufficient, under the Virginia decisions, to give the Circuit Court of Rockingham County, Virginia, jurisdiction of the person of J. M. Rothwell, or is the judgment rendered against him in that proceeding void for lack of such jurisdiction?

There is some confusion in the authorities whether the judgment of a court of law is to be regarded as a contract. The matter seems to depend largely on the connection in which the judgment is being considered. As far as the law in this state is concerned, it seems to be

established in our case of *Marstiller* v. *Ward*, 52 W. Va. 74, 43 S. E. 178, that for the purpose of forming the basis of a judgment here, the judgment of a sister state is to be regarded as a contract.

We are, of course, bound by the law of the State of Virginia as to whether the Virginia Court, in the action brought in Rockingham County, obtained jurisdiction of the person of Rothwell so that it could render a personal judgment against him. The plaintiff relies on the case of *Pereira, Executrix* v. *Davis Financial Agency, Inc., et al.*, 146 Va. 215, 135 S. E. 823. In that case, the plaintiff brought notice of motion in the Circuit Court of Albemarle County, Virginia, upon two promissory notes made by Davis Financial Agency, Inc., and endorsed by John S. Davis. As here, the corporation had its principal office in the county where the action was brought. Process was served both as to John S. Davis, individually, and as to the corporation, in another county in the State of Virginia, to-wit, Fluvanna. Also, as in the present case, the county in which the notice was served was the county in which the individual defendant resided. The Supreme Court of Appeals of the State of Virginia held that inasmuch as the action was brought in the county wherein the corporate defendant had its principal office, the venue was correctly laid under sections 6046 and 6049, as well as under section 6050 of the Virginia Code, as to the corporate defendant, and, being correctly laid as to that defendant, the venue was necessarily proper as to the individual defendant also.

In the *Pereira* case, the action was based on promissory notes signed by the corporate defendant and endorsed by the individual defendant. In the case at bar, the action in Rockingham County, Virginia, was upon an open account for the sale of goods to the individual defendant, the indebtedness, at a date later than the sale to the individual defendant, having been assumed by the corporate defendant and the goods taken over by it. It is urged that because of this difference, the *Pereira* case is not controlling authority in the instant case.

It is to be noted that in the Virginia proceeding

wherein there was rendered the judgment herein relied on, the court's order is entirely silent as to the corporate defendant. The judgment was rendered against Rothwell alone. Just why that course was taken, we are not advised. It is somewhat startling that, if the corporate defendant was properly before the court, the plaintiff should have foregone his right to a judgment against it. This would seem very unusual. Presumably it was considered that under Virginia Code, section 6063, as construed in the *Pereira* case, judgment could not properly be rendered against said defendant in the action then pending, because the process had been addressed to and served in a county other than where the corporate defendant's principal place of business was located.

However, what was the status of the individual defendant? Did the Circuit Court of Rockingham County have the right to render judgment against him in the circumstances stated?

While we recognize the binding effect of the decision in the *Pereira* case on a state of facts such as is therein presented, we do not think that it should be deemed binding on a different state of facts. In Virginia, under that case, where there is a joint obligation of a corporation and an individual, the circuit court of the county, wherein is situated the principal place of business of the corporation, may entertain jurisdiction of the individual and render judgment against him, he having been served with process in another county, though the process attempted as to the corporation failed. That conclusion seems a little difficult of justification, but so the Virginia court holds, and we must recognize that construction. But the Rockingham County proceeding of Grinrod Process Corporation against Milk Industries, Inc., and J. M. Rothwell was not based on a joint obligation. This appears from the notice of motion itself. Therein the plaintiff alleged that the account sued on was for merchandise sold by it to J. M. Rothwell, who subsequently transferred title and possession of the merchandise to Milk Industries, Inc., and it thereon assumed payment of the account. We are of opinion that jurisdiction as to Milk

Industries, Inc., failed in the Rockingham court because of the portion of section 6063 of the Virginia Code which provides, in effect, that in a suit against a domestic corporation, process as to such corporation may not be sent to another county, except to the county of the principal place of business of the corporation. In the *Pereira* case, it was held, *inter alia*, that the "notice to a corporation, in a motion proceeding, can be lawfully sent out (and served) only to the county in which is located the principal office of such company." So that, when the circuit court of Rockingham County failed, under section 6063 of the Virgnia Code, to obtain jurisdiction of Milk Industries, Inc., and, not being able to retain jurisdiction of the co-defendant, Rothwell, on the theory that he was jointly obligated with Milk Industries, Inc., we are impressed that the court's jurisdiction failed entirely as to Rothwell; that the judgment attempted to be rendered against him is void; further, that the failure of Rothwell to plead in abatement under Virginia Code, Section 6105, did not have the effect of converting a void proceeding into a vital one.

In such situations, we think the right of a trial court to proceed depends on its active jurisdiction of the person (individual or corporate) whose presence in the suit is relied on to confer on the court the right to hear and determine the cause; and that where jurisdiction fails as to such party, it fails as to all others. Cf. *Gunnoe* v. *West Virginia Poultry Co-op. Ass'n.*, 115 W. Va. 87, 174 S. E. 691. To hold otherwise, would be to open wide the doors of opportunity for fraud to be perpetrated upon the trial courts, and would ofttimes impose great hardships upon defendants. It would leave the way open for colorful or pretended cases to be alleged against certain defendants (not the ones really sought to be reached) in order that others from different sections of the state be required to make defense in such counties as the plaintiffs might elect.

A court of general jurisdiction, such as a circuit court in Virginia, has latent or potential jurisdiction of high

degree in respect of both persons and subject matter, but active jurisdiction over a person in a given instance is dependent in large measure upon statutory background as to service of process.

Being of opinion that the judgment of the circuit court of Rockingham County as to J. M. Rothwell is void and therefore is not a basis for a judgment in this state, we reverse the judgment of the circuit court of Berkeley County and enter here a judgment of *nil capiat*.

*Reversed and rendered.*

LITZ, JUDGE, dissenting:

I dissent from the ruling of the court for the reason that the case, in my opinion, is controlled by *Pereira* v. *Davis*, 146 Va. 215, 135 S. E. 823. The plaintiff, in that case, proceeded by notice of motion for judgment, in the circuit court of Albemarle County, Virginia, against the defendants, Davis Financial Agency, a domestic corporation, with its principal office in Albemarle County, and John S. Davis, residing in Fluvanna County, to recover judgment on two promssory notes, executed by the corporation as maker and indorsed by the individual defendant. The notice was served on Davis in Fluvanna County in his individual capacity and as secretary and treasurer of the corporation. Judgment was entered by default in favor of the plaintiff against both defendants. The Supreme Court of Appeals of Virginia held, on writ of error, that the judgment was valid against the indivual, but void as to the corporation, because the notice had not been served on it in the county in which its principal office was located, as required by section 6063 of the Virginia Code. Likewise, the Virginia action involved in this case was by notice of motion against a natural person and a corporation in the county in which its principal office was located. The notice was served upon the defendant Rothwell (in his individual capacity and as president of the corporation), outside the county in which the principal office of the corporate defendant

was located. It will, therefore, be observed, as seems to be conceded, that there is no difference in the legal facts (except as to the nature of claims sued on) of the *Pereira* case and the action in which the judgment involved in this case was rendered. This distinction, I believe, is unimportant.

The opinion of the majority of the court is, substantially, that the defendants in the *Pereira* case were jointly liable and therefore properly joined, whereas, the defendants in the action here involved were not jointly liable and were, consequently, improperly joined. The answer to this reasoning is that a misjoiner, under section 6103 of the Virginia Code, must be taken advantage of by plea in abatement, and does not render a judgment in the action void for want of jurisdiction.

Judge Kenna concurs in this note of dissent.