## Richmond

CHARLES A. FELVEY, JR. v. M. LOUIS SHAFFER.

June 9, 1947.

Record No. 3189.

Present, All the Justices.

The opinion states the case.

*J. M. Turner* and *M. J. Fulton*, for the plaintiff in error.

*Charles E. Maurice*, for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

M. Louis Shaffer, to whom we shall refer as the plaintiff, filed in the court below, under Code, sec. 6046, as amended, a notice of motion for judgment against Charles A. Felvey, Jr., hereinafter called the defendant. Since the form of the notice is brought into question, we set out in full the material portion thereof:

"You are hereby notified that on the 8th day of March, 1946, at 10:00 o'clock A. M., or as soon thereafter as it may

be heard, the undersigned will move the Hustings Court of the City of Richmond, Virginia, Part II, for a judgment against you for the sum of Ten Thousand Dollars ($10,000.00), which sum is due and owing from you to the undersigned for this, to wit:

"That heretofore, to wit, on the 6th day of October, 1945, at and in the City of Richmond, Virginia, in a certain discourse which you then and there had in the presence and hearing of other good and worthy citizens of this Commonwealth, you maliciously intending to insult the undersigned, and to injure the undersigned in good name, fame and credit, and to bring the undersigned into public infamy, scandal and disgrace, you at the time and place aforesaid, maliciously, falsely and insultingly spoke of, concerning and to the undersigned the false, scandalous, malicious, defamatory and insulting words following, which are, from their usual construction and common acceptation, construed as insults, and tend to violence and breach of the peace, and which were construed as insults by those who heard them, to wit: ' * * * you (meaning the undersigned) God damn son of a bitch; you thief; you crook; you bastard * * * .'

"That at the same time and place and after making the above statements to me you violently and maliciously made an assault upon me and kicked and seriously and permanently injured me.

"Wherefore, judgment for said sum, together with costs, will be asked at the time and place hereinabove set out."

The defendant filed a plea of the general issue. There was a trial before a jury which resulted in a verdict of $1500, on which judgment was entered. The matter is before us on a writ of error granted the defendant below.

In the light of the jury's verdict the underlying facts may be stated as follows:

In 1932, as the result of a business transaction, Felvey, the defendant, swore out a warrant against Shaffer, the plaintiff, charging the latter with having given to him (Felvey) a check on a bank in which Shaffer had insufficient funds to meet it. After a hearing the criminal charge against Shaffer

was dismissed and thereafter no civil action was brought to collect the amount of the check.

On the early morning of October 6, 1945, Shaffer was finishing breakfast at a restaurant in the city of Richmond when Felvey entered with two companions. Felvey remarked that he was going fox hunting. Shaffer, thinking that the remark had been directed to him, after paying his bill, went to Felvey and in a friendly manner wished him "good luck" in his day's hunting. Felvey immediately repelled the friendly gesture and proceeded to curse and abuse Shaffer, saying: "Get out of here, you God damn thief; you son-of-a-bitch;" and (referring to the check incident) "you pay me that money you owe me."

Shaffer heatedly denied the imputation that he owed Felvey anything and an argument ensued. Shaffer withdrew and started for the door. Felvey followed and kicked him in the rear. Since Felvey was wearing heavy hunting boots, Shaffer was severely bruised and injured by the blow and was under a physician's care for some time.

While Felvey denied having used the insulting words attributed to him by Shaffer and other witnesses, he (Felvey) admitted that he indignantly repelled Shaffer's friendly gesture and "kicked at" him when his back was turned. The medical testimony is proof positive that his aim was accurate and that the intended result was accomplished.

It is apparent from this brief recital that there is ample evidence to support the verdict of the jury in its finding that Felvey spoke the insulting words and was guilty of a vicious assault upon Shaffer. The judgment, therefore, must be sustained unless there is some reversible error in the proceedings.

The defendant's main contention is that the notice of motion for judgment is fatally defective for duplicity, in that it sets forth in a single count an action for "insulting words"[1] and an action for "assault and battery." Because of this alleged defect the defendant, at the commencement of the

---

[1] Code, section 5781, as amended by Acts 1940, ch. 192, p. 294.

trial, moved the court to require the plaintiff to elect on which action he would proceed. This motion was overruled. On the same ground the defendant moved to strike the evidence of the assault. He likewise moved the court to instruct the jury that such evidence was admissible only as proof that the alleged slanderous words were spoken with malice. These motions were likewise overruled.

In our opinion, the lower court's disposition of these motions was proper.

In the first place, it is by no means clear that the two causes of action are combined in a single count. Each is fully stated in a separate paragraph in which the time, place and circumstances are set forth. While the paragraphs are not numbered and designated as "Count One" and "Count Two," this is not necessary. See Burks Pleading and Practice, 3d Ed., sec. 482, p. 894, and 4 Minor's Institutes (1879 Ed.), p. 1425, for form of declaration in trespass for assault and battery in two counts.

However, since the lower court and counsel on both sides seem to have treated the situation as involving a single count, we shall deal with it as such.

In *Hines* v. *Beard*, 130 Va. 286, 291, 107 S. E. 717, this court, speaking through Judge Burks, the eminent author and instructor in the field of pleading and practice, said: "In a proceeding by motion * * * it is not necessary, though it may be very desirable, to have separate counts in the notice. The case may be stated in a composite form, * * * ."

This is in accord with our holding that a proceeding by way of a notice of motion for judgment, under Code, sec. 6046, was "intended to dispense with matters of mere form, but not of substance" (*Bardach Iron & Steel Co.* v. *Tenenbaum*, 136 Va. 163, 169, 118 S. E. 502); that it was designed to afford the plaintiff "a simpler and cheaper remedy, shorn of the common-law technicalities," and to that end the statute "should be construed with great liberality" (*Pereira* v. *Davis Financial Agency*, 146 Va. 215, 219, 220, 135 S. E. 823). See also, Burks Pleading and Practice, 3d Ed., sec. 175, pp. 277-280, for other cases on the subject.

Since duplicity is a defect of form and not of substance[2] (Burks Pleading and Practice, 3d Ed., sec. 190, p. 307; 4 Minor's Institutes (1879 Ed.), p. 939), such imperfection in a notice of motion for judgment is harmless and not fatal.

[5] In the case before us the two causes of action, the one for insulting words and the other for assault and battery, both sound in tort, are closely related and arise out of the same incident. They should have been the basis of a single suit. While, as was said in *Hines* v. *Beard, supra,* it would have been in better form to have stated the two causes of action in separate counts, this was not necessary.

What we have said is not counter to the holding in *Bowles* v. *May,* 159 Va. 419, 422, 423, 166 S. E. 550, relied on by the defendant. While we there observed that the notice of motion was a conglomerate allegation of trespass, assault, slander and insulting words, combined in a single count, the real defect in the pleading for which we thought the demurrer should have been sustained, was its failure to state a cause of action "with reasonable precision." That was a defect in substance and not merely in form. While the notice may be informal it must state a case. See Burks Pleading and Practice, 3d Ed., sec. 175, pp. 279, 280, and cases there collected.

Next, it is said, the court erred in not instructing the jury that the alleged insulting words were uttered on an occasion of qualified privilege, and in not allowing the jury to say whether the occasion had been abused by proof of malice on the part of the defendant.

The brief does not point out, as it should have done, upon what theory the claim of privilege is based and hence we must deduce this from the objections made to the instructions in the lower court. As we understand it, the claim is that

---

[2] At common law duplicity could be taken advantage of only by a special demurrer which has been abolished in this State except as to pleas in abatement. (Code, section 6118.) Hence, duplicity in a declaration cannot now be reached by demurrer. Burks Pleading and Practice, 3d Ed., section 190, p. 307; 4 Minor's Institutes (1879 Ed.), p. 939.

the alleged insulting words were spoken during a "discussion" which the parties had with reference to a past business transaction between them, that is, the worthless check incident to which we have referred. Hence, it is said, the occasion was one of a qualified privilege.

We need not stop to discuss the principles applicable to a privileged occasion of which the defendant here seeks to take advantage. The insulting words were not spoken in the course of a discussion of a business transaction. The uncontradicted evidence is that Shaffer, the plaintiff, approached Felvey, the defendant, with a friendly word and gesture which were at once repulsed. According to Shaffer's version of the matter, which the jury has accepted, Felvey immediately uttered the insulting words, including those relating to the check incident. Manifestly, one cannot escape the consequence of insulting words merely because they relate to a prior business dispute between him and the person at whom the insult is directed.

Moreover, Felvey admits that he kicked Shaffer when the latter's back was turned. The undisputed medical testimony shows the viciousness of the blow. All of which proves that Felvey was actuated by malice and thereby abused any supposed privilege.

What we have said disposes of the remaining assignments of error. We find no reversible error in the proceedings and the judgment is

*Affirmed.*