## CIRCUIT COURT OF FAIRFAX COUNTY

G. T. Murphy, Inc., et al.

v.

M. T. Developers, Inc., et al.

May 10, 1988

Case No. (Law) 80652

By JUDGE RICHARD J. JAMBORSKY

This matter is before the Court on a demurrer to Plaintiffs' First Amended Motion for Judgment. The Court has carefully reviewed the pleadings, briefs, and oral arguments of counsel. For the reasons specified below, the Defendants' Demurrer is sustained.

The basic question presented by this demurrer is whether Plaintiffs' amended motion alleges a prima facie case of the claims asserted. In deciding this question, the Court "must adhere to the rule that '[a] demurrer admits the truth of all material facts that are properly pleaded'." *Duggin, Trustee v. Adams*, 234 Va. 221, 223 (1987) (original brackets). Although pleadings are viewed with some liberality, Defendants are supposed to be able to determine from the face of the pleading, written in plain and explicit language, the nature of the claims against them so that they may intelligently answer or defend the allegations. *Pittman v. Pittman, et al.*, 208 Va. 476, 478-79 (1968).

From its own review of the pleadings and for the reasons specified in Defendants' Demurrer, the Court finds that Plaintiffs' allegations fail to state claims for which relief may be granted. The allegations contained in Plaintiffs' amended motion, particularly in Count I, are vague, involved, and uncertain. Although Plaintiffs

allege the existence and breach of a written contract, they combine in the same count and incorporate in each successive count allegations of a number of other joint and several promises, as well as the performance of certain services. As Defendants correctly state in their Demurrer, to the extent each count purports to state a claim for the breach of an express contract but recover on an implied contract or quantum meruit theory, they fail to state claims for which relief may be granted. Although it is not always necessary to state separate causes of action in separate counts, neither the Court nor Defendants are able to ascertain the precise nature of the claims asserted. If the failure to separate causes of action in separate counts constitutes a defect in substance rather than form, the pleadings must fail for failure to state a case. *Bowles v. May*, 159 Va. 419 (1932); *Felvey v. Shaffer*, 186 Va. 419 (1947).

In addition, the Court agrees with the other enumerated grounds offered in support of Defendants' Demurrer. For example, due to Plaintiffs' lack of specificity and clarity, it is not clear whether the alter ego theory ought to apply, or if it does, to which Defendant it ought to be applied. Consequently, Plaintiffs fail to state claims against Alexandria Square Associates, Lola Reinsch, and Mark W. Tracz, at least to the extent he is associated with Alexandria Square.

For the foregoing reasons, and for the reasons announced orally at the hearing with respect to Count VI, Defendants' Demurrer is sustained.