# CHARLESTON.

STATE OF WEST VIRGINIA, USE GEO. W. PINGLEY V. D. W. PINGLEY *et als.*

Submitted September 3, 1919.   Decided September 9, 1919.

1. PLEADING—*Exhibits Cannot be Considered on Demurrer to Declaration.*

   Papers annexed or attached to a declaration, as for exhibits or parts thereof, are not parts of it and cannot be considered upon a demurrer thereto.  (p. 434).

2. INJUNCTION—*When Declaration on Injunction Bond States Cause of Action.*

   A declaration on an injunction bond, alleging procurement of an injunction to have been the sole purpose of the suit in which the bond was given, dissolution of the injunction, expenditure of money in payment of attorney's fees in effecting such dissolution and not otherwise, and non-payment of such fees and of the penalty of the bond by the defendant, states a good cause of action.  (p. 435).

3. SAME—*In Suit on Bond, Allegation of Nonpayment of Attorney's Fees Sufficient.*

   The allegation of such non-payment may be general and awkwardly expressed, in so far as it relates to the persons to and by whom payment should have been made, if it is broad enough to include all of such persons.  (p. 436).

4. SAME—*On Demurrer to Declaration on Bond Disposition of Cause on Appeal Disregarded.*

   Upon such a demurrer, the disposition of the chancery cause, on an appeal from the decree of dissolution and dismissal, cannot be considered.  (p. 436).

Case Certified from Circuit Court, Randolph County.

Action by the State of West Virginia, for the use of George W. Pingley against D. W. Pingley and others. Demurrer to amended declaration overruled, and decision certified.

*Affirmed.*

*A. M. Cunningham,* for plaintiff.
*W. B. & E. L. Maxwell,* for defendants.

POFFENBARGER, JUDGE:

Having overruled a demurrer to an amended declaration claiming, by a single count, right of recovery, upon an injunction bond, of attorneys fees, as part of the damages occasioned by the injunction and as an item within the indemnity afforded by the bond, the trial court has certified its decision upon the question of the sufficiency of the declaration to this court for review, upon the joint request of the parties.

Being of the opinion that the declaration, as originally filed, was insufficient, the court sustained a demurrer to it. Thereupon, the plaintiff amended it at the bar of the court in material respects, and the court overruled a demurrer to the amended declaration.

Fundamental differences between law and equity procedure render it impossible to consider the bill and final decree in the equity cause, attached to the declaration, as exhibits filed therewith and parts thereof. In actions at law, the pleadings are always for the court and the evidence goes to the jury primarily. In equity causes, both the pleadings and the evidence go to the court for consideration. Consequently, the annexation of documents constituting the basis of right of action, to the declaration as for exhibits therewith and parts thereof, has never been recognized. In so far as a document is relied upon to fix and determine the rights of the parties by contract, adjudication or legislation, the declaration should set forth its legal purport and effect; and then the document goes to the jury as evidence. Upon an inquiry as to the sufficiency of a pleading, the court is not supposed to look to the evidence at all. Nor does good pleading countenance a narration or statement of the evidence in a pleading. *Snyder* v. *Wheeling Electrical Co.*, 43 W. Va., 661. "In the absence of a statute, the annexing and filing of papers as exhibits to a pleading does not make them a part thereof, and they cannot be referred to for the purpose of supplying the ommission of a material allegation or curing a fatal defect." 8 Ency. Pl. & Pr. 740. This text is well sustained by authority. The rule is

not relaxed in even the code practice states. *Burkett* v. *Griffith,* 90 Cal. 542; *Brooks* v. *Paddock,* 6 Colo. 36. This conclusion disposes of the argument founded upon the so-called exhibits and the printed Record of the Chancery cause.

Admitting payment of the costs incurred by the defendant in the chancery cause and claiming no damages other than those represented by the payment of attorneys fees, the declaration charges that the plaintiffs in the chancery cause sought no relief therein other than an injunction; that the injunction awarded therein had been dissolved; that the plaintiff in this action had been compelled to retain, hire and employ attorneys to answer, implead, defend, take depositions, appear at the taking of depositions and otherwise defend him in the suit; and that the attorneys fees and expenses paid out and expended by him in said suit, were so paid out and expended solely for the purpose of procuring dissolution of the injunction. It then avers non-payment of attorneys fees, after request for payment.

Uniform decisions of this court, commencing with *State* v. *Medford,* 34 W. Va. 633, and ending with *State* v. *Nash,* 72 W. Va., 812, recognize right of recovery of attorneys fees, as damages within the meaning of the condition of an injunction bond, under the circumstances alleged in the declaration. It is sanctioned by the great weight of authority throughout the country also. The argument submitted in the brief filed for the defendants does not seem to controvert this proposition. Recognizing the difficulty incident to a definition of the limits within which such recoveries are allowed, the brief seems to invoke, in support of the demurrer, the facts and circumstances disclosed by the bill and the decree annexed to the declaration and the printed record of the chancery cause. For reasons stated, none of these papers can be considered upon the demurrer. The argument submitted will be appropriate and applicable, only when the case reaches the court or the jury upon the evidence.

The attack made upon the assignment of the breach of the condition of the bond is not well founded. The bond produced and read on oyer thereof, before the demurrer was in-

terposed, shows by a recital, that the injunction was obtained by David W. Pingley and French L. Pingley and others. The bond was executed by D. W. Pingley, F. L. Pingley and Charles Gibson. The alleged defect in the assignment of the breach is failure to show who the other parties referred to in the bond were, and negative payment of the damages by them. But the allegation of non-payment though expressed in general and awkward terms, is amply sufficient in breadth to include the parties not specifically named. It says: ''The said D. W. Pingley and F. L. Pingley, nor no one for them or either of them, nor no other parties thereto nor no one for them,'' have not paid and satisfied the damages aforesaid or any part thereof, though well advised of the premises and often requested so to do. This is supplemented by an allegation of non-payment of the penalty of the bond by the defendants or any of them. Though an allegation of non-payment is essential and omission thereof is fatal, it is well settled that an allegation of non-payment in general terms, sufficiently broad to include all the parties upon whom the duty of payment rests, suffices. *Moundsville etc. R. Co.* v. *Wilson,* 52 W. Va. 647; *Cobbs* v. *Fontaine,* 3 Rand. 484.

The brief closes with an inquiry as to whether the disposition of the chancery cause in this court, on the theory of extingiushment of the controversy by acts of the parties, while the appeal was pending, does not bar the plaintiff in this action. It suffices to say the trial court could not, and this court cannot, take any cognizance of that matter upon a demurrer to the declaration. It may be relevant and pertinent matter on the trial, but, as to this, we express no opinion.

The ruling complained of is right and an order adjudging its correctness will be entered and certified to the circuit court.

*Affirmed.*