# CHARLESTON.

J. C. TUGGLE *v.* J. B. BELCHER *et al.*

(No. 6028)

Submitted September 14, 1927.   Decided September 20, 1927.

1. JUDGMENT—*Notice of Motion for Judgment, Indicating Obligation, Demand, or Account on Which it is Based With Reasonable Certainty, and That it is That of Defendant, is Sufficient (Code, c. 121, § 6).*

A notice of a motion for judgment under Section 6, Chapter 121, Code, need not be meticulous. It will be held sufficient if it indicates with reasonable certainty upon what obligation,

demand or account judgment is sought, and that such obliga-
tion, demand or account is owing plaintiff by defendant.   (p.
179.)

(Judgments, 34 C. J. § 428.)

2.  APPEAL AND ERROR—*Error Not Specified on Motion for New
    Trial, and Not Made Subject of Special Bill of Exceptions,
    Will be Deemed Waived.*

Error not specified on a motion for a new trial and not
made the subject of a special bill of exceptions, will be treated
as waived.  *Dransfield* v. *Boone-Armstrong Motor Co.*, 102
W. Va. 370.   (p. 180.)

(Appeal and Error, 3 C. J. § 863; 4 C. J. § 1786.)

3.  NEW TRIAL—*On Motion to Set Aside Verdict as Not Sup-
    ported by Evidence, Evidence Will be Considered Most
    Favorably in Support of Verdict.*

Upon a motion to set aside a verdict as not supported by
the evidence, the evidence will be considered most favorably
in support of the verdict.  Pt. 2 Syl. *Wilson* v. *Johnson*, 72
W. Va. 742.   (p. 181.)

(New Trial, 29 Cyc. p. 834.)

(NOTE:  Parenthetical references by Editors, C. J.—Cyc. Not
part of syllabi.)

Error to Circuit Court, Mercer County.

Action by J. C. Tuggle against J. B. Belcher and another.
Judgment for plaintiff against the named defendant, and he
brings error.

*Affirmed.*

*D. M. Easley* and *Luther G. Scott*, for plaintiff in error.
*George Richardson, Jr.*, for defendant in error.

HATCHER, PRESIDENT:

This action was instituted by a notice of motion for judg-
ment against J. B. Belcher and A. E. Bivens.   At the trial a
non-suit was taken as to Bivens and the plaintiff recovered
a judgment for $834.96 against Belcher.

The defendant contends that the trial court erred in not
sustaining a demurrer and motion to quash the notice.   The
reasons therefor given in his brief are that the notice "did
not state the quantity of lumber or the price per thousand.
He did not state that defendant J. B. Belcher had contracted

with him for the car of lumber or had promised to pay for it. Neither did he in any sufficient way allege that A. E. Bivens purchased the car as agent for J. B. Belcher.'' The notice is addressed to Belcher and Bivens jointly and states that a motion will be made, etc., for judgment against them jointly and severally for the sum of $1,000.00, being the amount owing by both parties to the plaintiff for a certain carload of lumber which was, in the language of the notice, ''sold to you through A. E. Bivens by order dated March 26, 1926, and delivered to you through your agent V. S. Belcher by loading the said lumber in N. & W. car No. 63982 at Rocky Gap, Virginia, on July 24, 1926'', etc.   The notice therefore bluntly acquainted the two defendants of a certain amount claimed for a certain car of lumber.   The car is sufficiently identified.   There was nothing uncertain about the demand the plaintiff proposed to reduce to judgment.   The details of quantity and price per thousand were unnecessary.   A notice of motion for judgment is not required to be meticulous. *Shepherd* v. *Brown,* 30 W. Va. 13.

It was also unnecessary for the notice to state that J. B. Belcher had contracted with plaintiff and had promised to pay him for the car of lumber.   The notice charges a sale of the lumber to the defendants.   A sale necessarily implies a contract and a promise of the purchaser to pay.   ''There can be no sale on the one side unless there is also a purchase on the other.   The word sale necessarily imparts concurrence or agreement''.   *Thornton* v. *Kelly,* 11 R. I. 498 (500). ''Sale is a word of precise legal import, both at law and in equity.   It means a contract between parties to take and to pass rights of property for money, which the buyer pays or promises to pay to the seller for the thing bought or sold.'' *Williamson* v. *Berry,* 49 U. S. (8 How.) 495.   The agency of Bivens was an evidential fact.   The sufficiency of the notice on demurrer can not be affected by facts developed at the trial.

Certain rulings upon the evidence are named as errors. No special bill of exceptions was taken as to these rulings. There is no record that these rulings were brought to the attention of the trial court on the motion to set aside the

verdict. Consequently, under the rule well established by this Court we will not now consider them. _Dransfield_ v. _Boone-Armstrong Motor Co.,_ 102 W. Va. 370.

Upon the motion to set aside the verdict it was assigned as error that the verdict was not supported by the evidence. Consequently, we will review the evidence in order to test that assignment of error. In such review, however, we will look only to the evidence favorable to the plaintiff, as the verdict of the jury was in his favor. _Wilson_ v. _Johnson,_ 72 W. Va. 742. From that evidence it appears that the plaintiff was approached by Bivens some time in the spring of 1926 in relation to the sale of some poplar squares. Bivens told the plaintiff that he was purchasing the squares for Belcher. The plaintiff was of opinion that he had enough timber to cut several carloads of the squares, and he and Bivens agreed on a price therefor. Bivens reported the matter to Belcher, who in March 1926 sent plaintiff a written order for two cars of the squares. The plaintiff did not at once accept the order, but waited until he could have a conference with Bivens. He was not personally acquainted with Belcher, and in fact never met him until the case was tried. He explained to Bivens that the exact amount of squares which his timber would cut was uncertain, and that he did not desire to be bound to supply any specific quantity; that he would agree to furnish such squares as could be sawed from his timber, but did not wish to contract for more than it would make. Bivens agreed to plaintiff's proposition, and thereupon the plaintiff gave him an acceptance in writing of the order for the two cars. Some time in the summer of 1926 the plaintiff shipped a carload of these squares to Belcher. Prior to the shipment the squares were inspected and accepted on behalf of Belcher by his brother. During the inspection the plaintiff told the brother that he could furnish more squares whenever the defendant desired them shipped. The plaintiff states that he never received shipping orders for any more lumber. During the summer of 1926 he made several efforts to see Belcher and wrote him several letters in an attempt to collect the amount due on the car which Belcher had received. He was not able to find Belcher and

never received any communication from him until November 1926 when Belcher wrote that by plaintiff's acceptance of the written order, he had obligated himself to furnish Belcher two cars, and that whenever he did furnish the second car he would be paid in full for both cars. Nothing more was apparently done about the matter by either party.

At the trial Belcher tendered the plaintiff $652.69 and filed a plea in recoupment for the amount of $202.43. He based his right to recoup on evidence that upon the acceptance of his order for two cars by the plaintiff he, the defendant, had resold those cars to customers; and that when the plaintiff failed to supply the second car, it became necessary to purchase same on the market where he paid the said sum of $202.43 more for the car than the contract price with the plaintiff would have amounted to. Under the contract with Bivens the car of lumber accepted by Belcher amounted to $834.96. The jury refused to allow the recoupment, and returned a verdict for the full amount due plaintiff for the lumber.

The negotiations in this matter were entirely between plaintiff and Bivens. The plaintiff never even saw the defendant prior to the trial. The defendant is bound by the terms acceded to by his agent. Under that agreement there was no definite contract as to the shipment of a second car of squares. Payment for the first car in no wise depended upon shipment of a second. Payment for the first car was due when it was delivered. Therefore the defendant had neither the right to withhold payment on the first car until the second was furnished, nor the right to charge against plaintiff's account the $202.43.

There is sufficient evidence to support the verdict. The judgment of the lower court will accordingly be affirmed.

*Affirmed.*