## CHARLESTON.

BLUEFIELD SUPPLY COMPANY *v.* HARRY M. WAUGH

(No. 6274)

Submitted July 10, 1928.  Decided September 18, 1928.

*James S. Kahle* and *John Kee,* for plaintiff in error.
*Russell S. Ritz,* for defendant in error.

LIVELY, PRESIDENT:

On a notice of motion for judgment, plaintiff, Bluefield Supply Company, recovered judgment for $19,832.28 against the defendant, Harry Waugh. Recovery was sought on eight notes for the sum of $2,000.00 each and interest thereon; an itemized open account for merchandise amounting to $2,024.73; and an account of certain money advanced for the use and benefit of the defendant amounting to $527.37. These amounts were supported by affidavit.

At the trial the defendant appeared specially and moved the court to quash the two returns of the sheriff upon the notice and to dismiss the action, which motion was overruled. Thereupon, defendant asked that the case be continued until the next term of court. A continuance was not granted, because defendant had refused to file a counter affidavit and plead to the notice of motion for judgment. The defendant then asked for a writ of inquiry to determine the amount which the plaintiff was entitled to recover. Upon the trial of the writ, the plaintiff offered the notes in evidence and introduced proof in support of the other items contained in its notice of motion. The court refused to permit the defendant to cross-examine plaintiff's witnesses or to introduce evidence. A verdict in plaintiff's favor was directed and returned, and judgment entered thereon. This writ followed.

The controlling question is: Did the trial court err in refusing to allow counsel for defendant to cross-examine the plaintiff's witnesses as to the amounts claimed to be due from defendant, or to introduce evidence which would in any way tend to lessen the plaintiff's recovery, on the ground that

the defendant having refused to file a counter affidavit and plead, had no such right?

The first contention of defendant's counsel is that defendant was not required to file a counter affidavit, because there had been no service of plaintiff's affidavit as required by section 6, Chapter 121 of the Code. We do not have the original papers before us, but an examination of the transcript reveals that plaintiff's affidavit was a part of the notice of motion for judgment either attached to it or on the same paper, and on the back of the paper there was endorsed a sufficient return, showing that the within "notices" were served. It is reasonably certain that the affidavit was served by the sheriff.

Counsel for defendant further maintains that it was not necessary on the writ of inquiry that defendant should file the counter affidavit and plead before being permitted to offer evidence in reduction of plaintiff's claim. The common law rule to the effect that where there has been a judgment by default, the defendant may, on the writ of inquiry, appear and offer evidence in reduction of the plaintiff's claim, is invoked. On the other hand, plaintiff's counsel maintains that the common law rule has been changed by section 6, Chapter 121 of the Code, requiring that before defendant can plead, he must first file a counter affidavit.

We are of the opinion that in a case arising under section 6, Chapter 121, Code, where plaintiff has served and filed a proper affidavit, before a defendant can cross-examine witnesses and offer evidence, he must first file a counter affidavit and plead. And this is true even where on a writ of inquiry for damages the defendant could at common law have cross-examined plaintiff's witnesses and introduced evidence for the purpose of reducing the amount claimed by the plaintiff. Section 6, Chapter 121, Code, provides:

> "* * * In any such motion, if the plaintiff shall file with his notice, and shall serve upon the defendant at the same time and in the same man-ner as the notice is served, an affidavit by himself, or his agent, stating distinctly the several items of the plaintiff's claim, and that there is, as the affiant verily believes, due and unpaid from the de-

> fendant to the plaintiff upon the demand or demands stated in the notice, including principal and interest, after deducting all payments, credits and set-off made by the defendant, or to which he is entitled, a sum certain to be named in the affidavit, no plea shall be filed in the case unless the defendant shall file with his plea the affidavit of himself, or his agent, that there is not, as the affiant verily believes, any sum due by the defendant to the plaintiff upon the demand or demands stated in the plaintiff's notice, or stating a sum certain less than that stated in the affidavit filed by the plaintiff, which, as the defendant, or his agent, verily believes, is all that is due from the defendant to the plaintiff upon the demand or demands stated in the plaintiff's notice. If such plea and affidavit be filed by the defendant and it be admitted in such affidavit that any such sum is due from the defendant to the plaintiff, judgment may be taken by the plaintiff for the sum so admitted to be due, with interest thereon from the date of the plaintiff's affidavit until paid, and the case tried as to the residue.''

The statute seems to contemplate that in any action to recover money on contract under its provisions if the defendant desires to reduce the amount claimed by the plaintiff in his affidavit, he cannot, as was possible at common law, refuse to plead, and then in a case requiring a writ of inquiry, cross-examine plaintiff's witnesses and introduce evidence for the purpose of reducing the amount of plaintiff's claim. Under the statute the defendant must in his counter-affidivit state the extent to which he seeks to contest the plaintiff's claim. The Legislature, having in mind a more simple and expeditious remedy for the recovery of money by action on any contract, has by this enactment changed the common law rule. To hold that in such a case the defendant could, by failing to file his counter affidavit and plea and on a writ partaking of the nature of a writ of inquiry for damages seek to reduce the plaintiff's recovery to a nominal amount, would be to emasculate the statute. For a defendant who did not file his counter affidavit would, on a writ of inquiry, be in a more advantageous position than he who had complied with the statute, in that the former could seek to re-

duce the plaintiff's claim to nominal damages, whereas the latter would be restricted to the amount set out in his counter affidavit.

Moreover, it is the apparent object of this statute that where defendant desires to controvert any part of the plaintiff's claim, an issue as to that part must be made up by the counter affidavit, and that issue tried by the jury. To permit a defendant to controvert the whole claim or any part thereof without giving notice to plaintiff by issue made up in the manner contemplated, to examine witnesses and put in evidence, would place the plaintiff to serious disadvantage, because, he would not know what he had to meet, and would have no opportunity to prepare. He could not ask for a continuance, because at that stage of the proceedings, which would correspond to a writ of inquiry, he would have already opened his case, and, of course, could not move to continue when defendant proffered his evidence. Instead of making the statute a quick, informal and expeditious way for the assertion of such money claims arising out of contract, (the evident design and purpose of the statute), it would tend to make it cumbersome and prevent suitors claiming such moneys from proceeding under it. They would never know what they had to meet until the trial began. The proceeding under this statute is quite different from the proceedings at common law. The notice is construed liberally, and all that is required is that it shall inform the debtor with reasonable certainty the grounds on which judgment is sought. It is sufficient if the defendant cannot mistake its object, although it may be wanting in form and technical accuracy of a declaration. The affidavit by plaintiff was not known to the common law, and its object is to search the conscience of defendant and make him speak before trial, and thus simplify and narrow the controversy and issues before the jury. Plaintiff is entitled to know whether any or all of his sworn claim is to be disputed in order that he may prepare before trial for what he must meet.

While the statute is in derogation of a common law rule of procedure and must be strictly construed, a construction must not be given which will destroy the statute. The spirit

and intent must govern, and it is the duty of the courts to give such construction as will effectuate that intent, although not in strict accord with the letter of the statute. *State* v. *Blazovitch,* 88 W. Va. 612, where it is said in point three of the syllabus: "The rule of strict construction does not require limitation of legislative terms to their narrowest meaning, nor to any particular meaning. They are allowed such scope as is clearly indicated by the legislative purpose revealed by the statute in which they are found." The intention is the cardinal rule of construction, and not only the terms of the act but the subject matter, purposes and objects, and its affects and consequences, must be considered.

Counsel for defendant maintains that the court erred in refusing defendant a continuance on the sole ground that he had not filed a counter affidavit or offered a plea. At that stage of the case, no issue had been made up. The motion for continuance was properly overruled.

The plaintiff's motion to affirm will be sustained, and the judgment of the lower court will be affirmed.

*Affirmed.*