S. A. HAWKINS *et al.* v. GLEN FALLS INSURANCE COMPANY
(No. 7627)

*and*

S. A. HAWKINS *et al.* v. NIAGARA FIRE INSURANCE COMPANY
(No. 7628)

Submitted October 31, 1933. Decided November 7, 1933.

*Steptoe & Johnson, Stanley C. Morris* and *J. Hornor Davis, 2d,* for plaintiffs in error.

*Sale, St. Clair & Sale,* for defendants in error.

WOODS, JUDGE:

The plaintiffs, by virtue of loss of certain stock of merchandise and other personal property covered by two separate policies, identical as to terms and conditions (one being issued by the Glen Falls Insurance Company and the other by Niagara Fire Insurance Company, respectively), proceeded against each company separately by notice of motion for judgment, making the return day in each notice the same. On the return day the defendants appeared by counsel and filed identical specifications of defense and demurrers. The demurrers were overruled and the two defendants, over their respective objections, were forced into what we will, for want of a better term, call a "double trial", i. e. separate juries were empanelled in each case and the trial conducted in the presence of each. A verdict for the plaintiff was promptly returned by one jury, and after some time had elapsed the trial court recalled the other and directed it to return a similar finding. Each defendant has prosecuted a separate writ of error to the judgment rendered against it.

The notices, which were similar in form, advised the respective defendants among other things that plaintiffs would, on the 19th day of December, 1932, move for judgment in the sum of $1,000 by virtue of a certain policy, giving the number of same, insuring a stock of merchandise and personal property against loss and damage by fire, said property having on July 31, 1932, been totally destroyed by fire, whereby plaintiff suffered damage to the extent of $5,084.66, and that the total insurance thereon was in the sum less than three-fourths of the actual cash value; that due proof of loss was furnished more than sixty days prior to the date of notice; and that no part of the loss sustained had been paid by the defendant insurance company.

Defendants, under their separate demurrers, contend that the notice was insufficient in that it failed to aver performance of conditions precedent; and to set out the conditions and warranties contained in the policy, except by reference, the policy being attached as an exhibit.

The fact that the plaintiff claims right to recovery of the full face amount of the policy is, we believe, a sufficient allegation of performance of all conditions precedent. It is true that in all declarations at law, with the exception of the short form provided in insurance cases (Code 1931, 56-4-17), extraneous papers may not be incorporated into or made part of pleadings by way of exhibits, as in chancery practice. But does such rule apply to notices of motion on insurance policies? Because of the very nature of insurance policies the lawmakers have required the insurance companies to file specifications of defense (Code 1931, 56-4-21) in order that the plaintiff may be advised as to just what conditions and warranties he may be expected to meet with proof. *Rosenthall Co.* v. *Scottish Ins. Co.*, 55 W. Va. 238, 46 S. E. 1021. Hence, we are of opinion that the incorporation of the policy by reference, under the simplified pleading provided in Code 1931, 56-4-17, should apply in case the pleader chose to proceed by notice of motion for judgment. The incorporation of the policy exhibit by reference, being made a part of the pleading, further amplification of the conditions and warranties of the policy in the body of the notice becomes unnecessary. We therefore hold the notice sufficient.

The principal error, as we conceive it, is the arbitrary action of the trial court in requiring the defendants to submit to the double trial. This is a matter of first impression in this jurisdiction, and, as far as we have been able to find, the first of its kind. It is not the usual case where, by agreement of counsel, two closely related cases are consolidated and heard together by one jury. Or, as in the case of *State for use, etc.* v. *Hudson, etc., Co.*, 95 W. Va. 610, 122 S. E. 173, where the court upon motion of defendant consolidated four several actions on contracts which could have been declared on in one action. By virtue of statute, however, the courts in a number of the other jurisdictions, in the absence of agreement, may consolidate cases involving the same or different parties, where

the questions in issue are similar, and it appears that such consolidation will not work an undue hardship upon any of the parties litigant. The trial court in the instant cases apparently recognized the fact that consolidation was not warranted under our practice in the absence of an agreement of counsel, otherwise he would not have empanelled two juries. The members of this Court in all of their experience as trial judges and practitioners have never known such a procedure as here to be invoked. Under our judicial system every litigant is entitled to his day in court, and to the undivided attention of the court during the hearing of his case. Numerous difficulties would naturally arise under the procedure complained of, such as being confronted with three, four, or more, juries, and the inability of counsel to observe the effect of the evidence on the several jurors of the several panels, and the likelihood of disagreement among counsel representing different defendants as to the proper manner of conducting the defense. In the absence of express legislative sanction, or agreement of counsel, we must voice our disapproval of such procedure. The defendants are entitled to have their cases tried separately.

The Court feels it must take notice of one other matter, and that is the practice of requiring a defendant, as was done in the instant case, to go into trial on the return day of the notice of motion. This is usually the day for making up the pleadings in such proceedings, and in order to do justice to a defendant, the latter should not, as a rule, be required, over his objection, to submit to trial at that time. It is quite apparent that the defendants herein, both non-resident corporations, were entitled to a continuance to some later day in the term.

We accordingly reverse the judgments entered by the trial court, set aside the verdicts upon which the same were rendered, and remand the cases for separate trials.

*Reversed; verdicts set aside; new trials awarded.*