THE CENTRAL NATIONAL BANK *et al.* v. CITY OF BUCKHANNON *et al.*

(CC 572)

Submitted November 11, 1936. Decided November 24, 1936.

*Jerome V. Hall* and *Myron B. Hymes*, for plaintiffs.

*J. D. Jennings* and *Young, McWhorter & Young*, for defendants.

WOODS, JUDGE:

This certificate involves the sufficiency of a petition for a rule in mandamus and an answer thereto, demurrers to both pleadings having been overruled.

The petitioners, The Central National Bank, as owner, and The Grayhound Service Corporation, as lessee, of a vacant lot at the corner of Main and Kanawha Streets in the City of Buckhannon, seek a writ requiring the city, through its proper officers, to issue a permit for the erection of a gasoline filling station in accordance with petitioners' application of June 23, 1936, said permit having been refused.

The only ordinance attempting to regulate the construction of buildings in Buckhannon has to do with fire hazards. And this ordinance, according to the allegations of the petition, has been fully complied with. So,

it would appear that the city has no alternative but to grant the permit. *State* v. *City of Montgomery,* 94 W. Va. 189, 117 S. E. 888. The positive averment that all requirements of the ordinance have been fulfilled entitled the petitioners to invoke the aid of mandamus. *State* v. *City of Montgomery, supra; State* v. *City of Charleston,* 91 W. Va. 318, 112 S. E. 577.

While it is urged on behalf of respondents that the submitted plan, or sketch, filed with the application for the building permit, indicates an intention to remove the curb on both streets, except for a few feet at the intersection, and to slope the outside portion of the sidewalk for purpose of providing a way of ingress and egress for motor vehicles, we are of opinion that the extent to which the petitioners may use the sidewalks is a matter for future determination. The petition being good in so far as it seeks the issuance of a building permit, the demurrer to that extent is overruled.

Following our ruling on the demurrer to the petition, the portion of the answer dealing with the municipality's right of control over its streets, must be ignored as not responsive. The pleading is thus reduced to a single defense, that of nuisance. The allegation in this respect is to the effect that the council, after due consideration, refused to grant the permit for the reason, entered of record, that they "have been advised that it is proposed to sink two very large gasoline tanks, close together, and close to the adjoining building to said lot, of the capacity of 2,000 gallons each." There is no averment as to the source of such advice, that the same is true, or that the matters alleged are within respondents' personal knowledge. In view of the general law to the effect that a filling station is not a nuisance *per se,* (46 C. J. 709; 42 C. J. 1304) the peculiar circumstances bringing it within the bounds of a nuisance in fact must be alleged, or else the defense must fall. Averments of mere conclusions are insufficient. 46 C. J. 783, sec. 399. The demurrer should have been sustained.

In accordance with the foregoing, we affirm the circuit court's ruling with reference to the petition in so far,

and in so far only, as it prays for a permit to erect a filling station; and reverse the court's action in overruling the demurrer to the answer.

*Rulings affirmed in part; reversed in part.*