Mountain State Water Company, *A Corporation, v.* Town of Kingwood, *A Municipal Corporation*

(CC 604)

Submitted January 17, 1939. Decided February 14, 1939.

*Ira E. Robinson* and *Kittle & Kittle,* for plaintiff.

*Charles P. Wilhelm* and *Frank E. Parrack,* for defendant.

RILEY, JUDGE:

This certificate involves the sufficiency of a notice of motion for judgment, an accompanying affidavit, a counter affidavit, and six pleas, demurrers to the notice and pleas, and motions to quash the affidavits, in each instance, having been overruled.

By its notice, Mountian State Water Company, a corporation, moved for judgment against the Town of Kingwood, a municipal corporation, in the amount of $4,531.33, with interest until paid, "upon the account which is hereto attached and made part hereof, for services rendered by the undersigned to you in furnishing water for public fire protection pursuant to the franchise granted on August 18, 1913, by you to Carlton C. Pierce, trustee, his successors and assigns, and pursuant to the order of the Public Service Commission of West Virginia, made and entered on March 14, 1932, fixing the rate to be paid by you for the aforesaid fire protection, a copy of which order is hereto attached and made a part hereof, under which order fire protection has been furnished by the undersigned to you, at your request, for the time stated in said account and to the amount and value therein stated, of which there remains unpaid the sum of $4,531.33 to the date hereof * * * ."

The order of the Public Service Commission, referred to above, after reciting that the proposed schedule of rates submitted by "Mountain State Utilities Corporation" was agreeable to the Town of Kingwood, except that the public fire charge should be reduced from $2,500.00 to $2,100.00 per annum, including right to use sufficient water to flush hydrants, etc., as evidenced by letter signed by the mayor and recorder of said town, and that such suggested modification had been agreed to by the "Moun-

tain State Utilities Corporation", ordered that the schedule be so modified, and the investigation discontinued.

In the statutory affidavit, sworn to by Frank E. Hileman, general manager of plaintiff company, it is stated, among other things, that affiant has "personal knowledge of all material facts in relation to the account to which the affidavit is attached", and that the account "states distinctly the several items of the claim embraced in the notice * * * to which it is, with this affidavit, attached", etc. The account breaks down the yearly rate of $2,100.00, provided for in the order of the Public Service Commission, into monthly installments of $175.00 each, and under the heading, "class of service", carries the words, "Public Fire Protection." For the months of January and February, 1932, the charge is listed as $208.33, and from that time to May 25, 1937, the date of the notice, there is a flat charge of $175.00 per month, credit being given for payments as made.

In the appraisal of a notice of motion for judgment, a cardinal rule of construction permits liberality in the drafting of pleadings in such cases. *Tuggle* v. *Belcher,* 104 W. Va. 178, 139 S. E. 653. Nevertheless, a notice of motion for judgment, no matter how informal, must state a good cause of action. *Citizens' National Bank* v. *Dixon,* 94 W. Va. 21, 117 S. E. 685; *Pelley* v. *Hibner,* 93 W. Va. 169, 118 S. E. 923; *Hastings* v. *Grump,* 89 W. Va. 111, 108 S. E. 600.

Five grounds are urged in support of the demurrer to plaintiff's notice. For convenience, we shall not adhere to the order adopted by defendant.

The first ·ground of demurrer is to the effect that the notice does not set forth a contract between the parties. In this state, motions for judgment will be entertained only for the recovery of money based on contract. *Lambert* v. *Morton,* 111 W. Va. 25, 160 S. E. 223; *White* v. *Conley,* 108 W. Va. 658, 662, 152 S. E. 527; *Houston* v. *Lawhead,* 116 W. Va. 652, 182 S. E. 780, 782. So, at the outset, it becomes most pertinent to determine whether the notice in question sufficiently sets out a contractual obli-

gation of defendant to pay plaintiff the sum of money claimed. Here, the notice alleges that plaintiff, at defendant's request, furnished water service for fire protection and flushing purposes during the period stated in the account. Assuming for the moment the order of the Public Service Commission is properly pleaded, and, by assignment from the Mountain State Utilities Corporation, inured to plaintiff's benefit, an assumption not borne out by the record under the present state of the pleadings, then defendant would be liable under the theory of a contract implied in fact. A municipal corporation in this state is liable for a contract implied in law. *Cade* v. *City of Belington,* 82 W. Va. 613, 96 S. E. 1053. Such liability may be established in a notice of motion for judgment proceeding. *Lambert* v. *Morton, supra.* A *fortiori,* this liability extends to a contract implied in fact and may be declared on by notice of motion.

The fifth and last ground of demurrer attacks the use of a copy of the order of the Public Service Commission as an exhibit to the notice. The use of exhibits to pleadings in common law actions is barred under the strict and stereotyped rules of the common law. *State, use, etc.* v. *Pingley,* 84 W. Va. 433, 100 S. E. 216; *Vorholt* v. *Vorholt,* 111 W. Va. 196, 160 S. E. 916. However, a review of our decisions indicates a practice prevailing among lawyers to resort to exhibits in notices of motion for judgment proceedings. Such practice has not been disapproved. In one case, a transcript of a judgment upon which recovery was sought was exhibited to the notice; in a second, a bond; and in another, an insurance policy. *Grinrod Process Corporation* v. *Rothwell,* 117 W. Va. 709, 189 S. E. 100; *Stuart* v. *Carter,* 79 W. Va. 92, 95, 90 S. E. 537, L. R. A. 1918D, 1070; *Hawkins* v. *Insurance Co.,* 114 W. Va. 287, 171 S. E. 645. The liberality rule, as to notices of motion for judgment, is entirely consonant with the prevailing practice. It may be noted in passing that an accompanying affidavit may be used to supplement the notice. *Peoples State Bank of Crown Point* v. *Jeffries,* 99 W. Va. 399, 129 S. E. 462. And the account may be looked to for

a like purpose. *Wessel* v. *Bargamin,* 137 Va. 701, 120 S. E. 287. In the last mentioned case a notice of motion for judgment, insufficient in itself because it simply alleged that the amount sought to be recovered was due from the defendant to plaintiff, was held sufficient because it was supplemented by an account attached, which set out the contract upon which the indebtedness was based. A similar state of facts, as disclosed by the printed record, is presented in *Landsman-Hirscheimer Company* v. *Radwan,* 90 W. Va. 590, 111 S. E. 507. However, in the latter case, the judgment in plaintiff's favor was reversed because the affidavit upon which it was based, in the absence of proof, was not made before or at the time of service of the notice and the attached account.

The second ground of demurrer is to the effect that the Public Service Commission was without authority to enter the order of March 14, 1932, in that by said order the Commission attempted to make a contract between plaintiff and defendant. This ground of demurrer is not well taken. The Public Service Commission of West Virginia has ample authority under Code, 24-2-2, 3, to regulate rates to be charged for services of public utilities. Any rate established by it, if permitted to stand, is valid and *res adjudicata* as to all matters determined. *City of Huntington* v. *Public Service Commission,* 91 W. Va. 346, 112 S. E. 571. The Commission's action in establishing the rate of March 14, 1932, in no way destroyed any of the contractual rights existing between the City and the Mountain State Utilities Corporation. *City of Benwood* v. *Public Service Commission,* 75 W. Va. 127, 83 S. E. 295, L. R. A. 1915C, 261. The order shows that the Town of Kingwood, through its proper officers, had notice thereof, and agreed to the rates provided thereby, and the notice, as supplemented by the affidavit and account, shows that the town continued to accept the service furnished by plaintiff under the approved schedule. We cannot say that by the order the Commission undertook to make a contract for the town. The action of the latter, in agreeing to accept and pay for the services, was of itself, a

contract between it and the Mountain State Utilities Corporation.

The fourth ground of demurrer challenges the power of the council and officers of the defendant town to issue the franchise of 1913. To appraise this challenge, regard must be had to the statutory powers delegated to the Town of Kingwood as a municipal corporation. The town was incorporated under a special statute. Chapter 511, Acts (1853) of the General Assembly of Virginia. By this act the town was granted the powers conferred upon towns by Chapter 54 of the Virginia Code, 1849. Section 17 of chapter 54, aforesaid, conferred on the councils or boards of trustees of any town the power "to provide in or near the town, water works * * * ." Section 25, chapter 54, of the Virginia Code, 1860, contains a like provision. Section 1, chapter 47 of the West Virginia Code, 1868, bestows upon the council of any town theretofore established all powers, in addition to those contained in its charter, conferred by said chapter, and section 28 of said chapter delegates to the council of any town or village the power "to make regulations for guarding against danger or damages by fire * * * and to erect, or authorize or prohibit the erection of * * * water-works in the town * * *." Finally, by Code, 8-4-10, there were delegated to the council of any municipal corporation, like powers as to fire protection and water works. Thus, it appears that the statutory power of the council of defendant to enact the franchise in question was sufficient. This power, of course, is circumscribed by the powers resting in the Public Service Commission to regulate public utility rates. *City of Benwood* v. *Public Service Commission, supra.*

Defendant urges as an additional ground of demurrer that the franchise is insufficiently pleaded. The charge that plaintiff was operating under the Pierce franchise is insufficient. Usually, an assignee must, by appropriate allegations, trace his title to the thing assigned. 4 Am. Jur. 330, sec. 126; 5 C. J. 1008, sec. 224. While it is optional whether he institute the proceeding in his own

name, or in that of his assignor *(Scraggs* v. *Hill,* 37 W. Va. 706, 712, 17 S. E. 185), "if brought in his own name, then the declaration or notice must set forth the assignment so as to trace title in the plaintiff." Burks' Pleading and Practice, p. 57. If the foregoing charge be construed as an allegation of ownership in the plaintiff, it amounts to nothing more than a legal conclusion, depending upon whether the franchise has in fact been assigned to it by those authorized to do so. The franchise itself is sufficiently pleaded. The town having issued the franchise in the first instance, its records will disclose the existing provisions thereof. The franchise itself, under proper pleadings on the trial, may be introduced as evidence.

The copy of the Public Service Commission's order of March 14, 1932, being a part of the notice, must be considered therewith. It not only fails to aid the pleader in the matter of title, but adds doubt instead. In that order, "Mountain State Utilities Corporation" appears to be serving the Town of Kingwood. There is nothing in the notice or the affidavit which would indicate that plaintiff had succeeded to the rights of said Mountain State Utilities Corporation. Likewise, the notice, as heretofore suggested, fails to set up title in the plaintiff to the rights of Carlton C. Pierce, trustee, under the franchise, dated August 18, 1913. Thus we have a cause of action attempted to be laid on a contract growing out of rights outstanding in two different legal entities, both of whom are other and different from the plaintiff. The situation is indeed anomalous. The very extent of the anomaly is of itself enough to render the notice bad on demurrer. The pleader, under the most liberal construction, has failed to state a cause of action, and therefore fails to come within the case of *Hastings* v. *Gump, supra,* and the other cases heretofore cited, which establish the West Virginia rule, governing notices of motion for judgment.

Our holding on the sufficiency of the notice renders moot the questions raised on the demurrers to the several pleas. The town may find it necessary to make other defense, if, and when, the notice is amended.

The ruling of the circuit court in overruling the demurrer to the notice herein is reversed.

*Ruling reversed; demurrer to notice sustained.*

KENNA, JUDGE, concurring in part, dissenting in part:

Although I am in accord with what I regard as the holding essential to justify a reversal of the trial court's ruling, my opinion concerning the legal question involved in the second syllabus point does not coincide with that of my associates.

In spite of Code, 56-4-17, a notice of motion for judgment on contract still remains an action at law in this state, as well as in Virginia, as is illustrated by the fact that the present case is pending here upon a writ of error. Such proceedings have never come here upon appeal. While it is true that the statute should be construed with great liberality in order to carry out its salutary purpose, this Court has heretofore declared that the procedure it provides is in derogation of the common law and must be strictly construed. *Bluefield Supply Co.* v. *Waugh*, 106 W. Va. 67, 71, 145 S. E. 584, 585. The notice "should be so plain that the defendant cannot mistake its object, however it may be wanting in form and technical accuracy." Notice of motion is intended as a simplification of the common law procedure on the law side of the court in certain limited cases supposedly involving no complicated controversy. The notice is supposed to be "so plain that the defendant cannot mistake its object", and in my judgment, the unrestricted right to file exhibits with a notice of motion, coupled with the unrestricted right for the defendant to file exhibits with his pleadings, would defeat the fundamental purposes of simplicity and brevity, directness and promptness of the statute.

I am conscious of the fact that in many cases brought by notice of motion, exhibits have been filed, but I would think that in the vast number of cases that have not reached this Court the precedent would tend in the other

direction. There is only one case that I have found where even a collateral question was raised. There, it simply was a question of whether the Code provisions (Code 1931, 56-4-17) allowing the filing with a declaration in an action brought to recover upon an insurance policy, the policy sued on, was applicable to a notice of motion proceeding. In the case of *Hawkins* v. *Insurance Company*, 114 W. Va. 287, 171 S. E. 645, this Court held that the statutory proceedings were similar and that the filing of an insurance policy with the plaintiff's statement of his case was permissible both in law actions and notice of motion proceedings. It is to be noted that the *Hawkins* case involved only the question of statutory construction. The majority of the Court here is being guided only by what seems to me to be an erroneous conclusion that the use of exhibits served and filed with a notice for judgment accords with the well established customary practice of the bar throughout the state. Though not directly applicable to a proceeding by notice of motion because the opinion was rendered in a law action for the purpose of recovering a bonded indebtedness, the opinion in *Pingley* v. *Pingley et al.*, 84 W. Va. 433, 100 S. E. 216, contains a very succinct and comprehensive discussion of the filing of exhibits in legal proceedings, and quotes the following language from the 8 Ency. Pl. & Pr., p. 740: "In the absence of a statute, the annexing and filing of papers as exhibits to a pleading does not make them a part thereof, and they cannot be referred to for the purpose of supplying the omission of a material allegation or curing a fatal defect * * *." With deference, I dissent from the views of the majority of the Court expressed in the second syllabus. In all other respects, I concur with the Court's holding.

Judge Fox authorizes me to say that he concurs with the views expressed in this memorandum.