WILLIAM M. MUSTARD

*v.*

THE CITY OF BLUEFIELD, *et al.*

(No. 9997)

Submitted October 14, 1947.   Decided November 25, 1947.

*Arthur F. Kingdon,* for relator.

*Luther G. Scott,* for respondents.

*Jerome Katz,* as *amicus curiae.*

RILEY, JUDGE:

This is a proceeding in mandamus to require the board of directors of the City of Bluefield, a municipal corporation, to meet and act on relator's application for a building permit.

The single issue presented by the petition, return and answer, and replication is whether the board of adjustment, provided for in Section 7, Article 5, Chapter 8, Code, and Section 39 of the ordinance based thereon, was authorized to rehear and revoke its action of May 13, 1947, wherein it had granted to relator the right to erect a building to house a "light industry" on two certain lots owned by him, which were located in one of the many areas set apart for "business" purposes. The parties litigant are in accord regarding the applicability of the enabling statute (Municipal Planning and Zoning, Article 5, Chapter 8, Code), and the ordinance thereunder, and as to the prescribed procedure in cases involving possible zoning adjustments.

Mustard, the relator, being desirous of erecting a building on the lots hereinbefore referred to for a machine shop, made application, as required, to the city engineer, asking such permission. The latter, according to indorsement thereon, refused the permit, noting thereon that a violation of the zoning law was indicated. Thereupon, relator gave notice of an appeal to the board of adjustment. The notice, signed by the secretary of the board of adjustment, was published on May 5, 1946, in two daily newspapers in the city, advising the public that said board would sit on May 13, 1946, to consider and act on said appeal. On the latter date the matter was heard, and an order entered granting the requested permit. On July 25,

1946, relator, in accordance with the building ordinance, presented his application to the city clerk, which application noted the favorable action of the board of adjustment, and accompanied the same with the required fee of fourteen dollars. This petition for a building permit was approved by the building inspector. However, except for a number of orders deferring action on the petition for the building permit, the board of directors of the city has done nothing in regard thereto.

When the matter was called up at the meeting of the board of directors on August 7, 1946, certain property owners, including those who had on July 30, 1946, requested that the matter be deferred, appeared and informed the board of directors that they had petitioned the board of adjustment to rehear and to revoke the zoning permit previously authorized by it to the relator Mustard. Relator thereupon asserted his right to a building permit, stating that the board of adjustment was without jurisdiction to entertain such a petition, and that the property owners' remedy, if any, was in the circuit court. Thereafter, on August 26, 1946, the board of adjustment did reconsider, over protest of relator, the matter of the latter's right to a zoning permit; and, upon such reconsideration, entered an order purporting to revoke its former action and also to deny the zoning permit.

The petition of relator is based on the theory that the action of the board of adjustment of May 13, 1946, still stands, and that under the circumstances the board of directors of the City of Bluefield should be required to approve his application for a building permit under the building code. It makes reference to Article VIII of the zoning ordinance, which it alleges was enacted on December 13, 1938. It also alleges that said ordinance is still in force, and that Section 39 thereof, which provides for variations from the strict classification, in accordance with the authority conferred by Section 7, Article 5, Chapter 8 of the Code, and that the board of adjustment, pursuant thereto, properly made an exception in relator's case, and that said board has on previous and subsequent oc-

casions made exceptions in various districts. Subparagraph (b) of Section 39 of the ordinance provides: "Where * * * because of other unusual circumstances, the strict application of any provision of this ordinance would result in exceptional practical difficulty or undue hardship upon the owner of any specific property, the Board, in passing upon appeals, shall have the power to 'vary or modify such strict application ór to interpret the meaning of this ordinance so as to relieve such difficulty oŕ hardship; provided that such variance, modification or interpretation shall remain in harmony with the general purpose and intent of this ordinance, so that the health, safety, morals and general welfare of the community shall be conserved and substantial justice done."

From the oral arguments and briefs it appears that the parties to this proceeding do not question the sufficiency of the notice of an appeal to the board of adjustment; the regularity of the proceedings before that board; or the validity of the order of May 13, 1946. But relator questions the right of the board of adjustment to rehear the matter which gave rise to the entry of the order of May 13, 1946, and upon such rehearing to modify or revoke such order, where, as in the instant case, new facts are not adduced in support of such rehearing, and there is no provision in the zoning ordinance of the City of Bluefield permitting such rehearing. It is thus contended by relator that the order of May 13, 1946, is a finality, and, the building inspector having approved relator's application for a building permit, the board of directors of the City of Bluefield has the ministerial duty to issue such permit. We are in agreement with relator's position that respondents having failed to pursue their remedy in the Circuit Court of Mercer County, as provided by Code, 8-5-7, the order of May 13, 1946, though it may be erroneous, is valid. In *Board of Zoning Appeals v. McKinney*, 174 Md. 551, 199 A. 540, it was held that the board of adjustment, after having taken determinative action upon an application for a variance, has no power to reopen the proceedings, grant a rehearing, or reconsider its determina-

tion in the absence of new facts. In this regard it is to be noted that neither the zoning ordinance in question, nor the statute, provides for such rehearing or redetermination. In *McGarry* v. *Walsh,* 213 App. Div. 289, 210 N. Y. S. 286, the Court, having under scrutiny a second application in a zoning case held: "Upon the facts disclosed by the record here, I reach the conclusion that the board of appeals had no right to reopen the case and reverse their former decision. No new facts were disclosed; it simply was a reversal of the prior decision, without any reason or justification. This should not be permitted. A decision, once made, should only be reviewed, as the law provides, by certiorari." See also *Clap* v. *Municipal Council of City of Attleboro,* 310 Mass. 605, 39 N. E. 2d 431; and for an excellent collation of authorities see A. L. R. Note to *Lee* v. *Board of Adjustment,* 226 N. C. 107, 37 S. E. 2d 128, 168 A. L. R. 1, note pages 124 to 127, inclusive. We think, therefore, that the board of adjustment in the instant case was without power to reconsider its order of May 13, 1946.

But does it follow, as contended by relator, that on the basis of this position, and the approval of the building inspector of the City of Bluefield, a building permit should issue as a matter of course? We think not. The board of directors of the City of Bluefield under its charter, Acts of the Legislature, 1921, Municipal Charters, Chapter 2, Sections 56 and 57, is not without discretion in the matter of granting building permits. In the final analysis it is the deciding arbiter in the proper exercise of such discretion on the question whether relator's application for a building permit should be approved as meeting the standards set forth in the building code of the City of Bluefield. It follows that a writ of mandamus should not issue, commanding the board of directors to grant relator's application for a building permit, but because the board of directors has not deigned to act on the question of the building permit sought by relator, they should be compelled to do so. To this extent only shall the writ issue.

*Writ awarded.*

LOVINS, JUDGE, concurring in result:

I concur in the award of the writ of mandamus as set forth in the majority opinion, but I think the action of the relator and respondents in the filing of exhibits with their pleadings and the applicability of the first nine sections of Code, 8-5, should have been discussed.

Subject to qualifications not necessary to mention, mandamus is a proceeding at law. *Newman* v. *Bailey,* 124 W. Va. 705, 708, 22 S. E. 2d 280; *State ex rel. Matheny* v. *County Court,* 47 W. Va. 672, 35 S. E. 959; *Fisher* v. *City of Charleston,* 17 W. Va. 595. In the absence of statutory authority, exhibits attached to a declaration filed in an action at law are not a part thereof. *Pingley* v. *Pingley, et als.,* 84 W. Va. 433, 100 S. E. 216. Extrinsic papers may not be filed as exhibits with, or as a part of, a common law declaration. *Vorholt* v. *Vorholt,* 111 W. Va. 196, 160 S. E. 916. See *Snyder* v. *Wheeling Electrical Co.,* 43 W. Va. 661, 28 S. E. 733; *Hall* v. *Coal & Coke Co.,* 89 W. Va. 55, 57, 108 S. E. 491; *Laurenzi* v. *Distilling Co.,* 90 W. Va. 794, 801, 112 S. E. 177. A similar rule has been recently applied by this Court to a proceeding by notice of motion for judgment. *Beckley* v. *Craighead,* 125 W. Va. 484, 24 S. E. 2d 908. The case of *Beckley* v. *Craighead, supra,* by necessary implication, overruled the second point of the syllabus in the case of *Water Co.* v. *Kingwood,* 121 W. Va. 66, 1 S. E. 2d 395. Where oyer of an instrument is craved and had, the instrument then becomes a part of the pleading. *Hamrick* v. *Nutter,* 93 W. Va. 115, 122, 116 S. E. 75. It is true that in the case of *Hawkins* v. *Insurance Co.,* 114 W. Va. 287, 171 S. E. 645, it was held that under Code, 56-4-17, an insurance policy may be filed as an exhibit with the notices of motion for judgment on insurance policies. But the holding of the Court in the *Hawkins* case is grounded entirely on the statute and, in my opinion, does not contravene the rule announced in the case of *Pingley* v. *Pingley, et als., supra.*

An examination of the record in the case of *Bank* v. *Buckhannon,* 118 W. Va. 26, 188 S. E. 661, which was a proceeding in mandamus similar to the instant case, dis-

closes that this Court considered an exhibit filed with the petition, although no mention of that fact is made in the opinion. There may be other instances wherein, without objection, this Court has tacitly permitted the filing of exhibits with pleadings in mandamus proceedings and treated such exhibits as a part of the record, but in the face of the pronouncements by this Court, hereinbefore cited, it is difficult to reconcile such practice with the decisions of this Court.

It may be said that the petition and the answer and return in mandamus are different from the declaration in an ordinary action at law, but so far as this discussion is concerned, I can see no distinction between pleadings in ordinary actions at law and those in a mandmaus proceeding.

In the instant case the relator and the respondents filed numerous exhibits as a part of the petition and the answer and return to the rule, as well as a paper denominated by relator as "PETITIONER'S REPLY TO THE ANSWER OF THE RESPONDENTS." This proceeding being on the law side of the court, and oyer not having been craved, the exhibits so filed, in my view, are not a part of the record in this proceeding, with the possible exception of a certified copy of the zoning ordinance, designated in respondents' answer as "Exhibit AA," which, for reasons hereinafter stated may be considered as evidence of the ordinance of the City of Bluefield.

I deem it necessary to say that prior opinions of this Court affecting a pending question should be followed, if right; or overruled, if wrong. In no event should such opinions be ignored or disregarded. The practice of filing exhibits with pleadings in legal proceedings should either be formally approved by express statements in an opinion or authorized by a rule of court. The present practice of filing such exhibits in actions at law should not continue contrary to former pronouncements of this Court.

In the absence of statutory direction to do so, courts do not take judicial notice of the ordinances of municipal

corporations. *Boyland* v. *City of Parkersburg,* 78 W. Va. 749, 90 S. E. 340; *State* v. *Bunner,* 126 W. Va. 280, 289, 27 S. E. 2d 823; *Brannon* v. *Perkey,* 127 W. Va. 103, 106, 31 S. E. 2d 898. The zoning ordinance of the City of Bluefield was filed without proof of its existence or any evidence that it was an ordinance of the city, but no objections were made to its introduction into this record. Therefore, the existence and authenticity of the ordinance are waived, and the Court may consider the certified copy as evidence of the existence of a zoning ordinance of the City of Bluefield. *Boyland* v. *City of Parkersburg, supra.*

The statute under which zoning ordinances are adopted is Code, 8-5-1 to 9, inclusive. Code, 8-5-10, reads as follows: "Sections one to nine, both inclusive, of this article shall not be effective in any municipality until the provisions thereof shall have been submitted to and ratified by the qualified voters of such municipality at some election held therein. * * *. If a majority of the votes cast upon the question be for zoning the provisions of said sections shall from the day the council declares the result of such election be effective in such municipality. If a majority of the votes cast be against zoning the question may be again submitted to a vote at any regular election or elections for offices in the manner herein provided."

There is no showing of any kind in this record, nor allegation in any pleading, which establishes that Sections 1 to 9 of Code, 8-5, have been adopted by the City of Bluefield. The record is entirely silent as to the submission to the voters, and ratification of the first nine sections of Code, 8-5. Therefore, by the very terms of the statute itself, the provisions for zoning contained in those sections are not applicable to the City of Bluefield.

Nevertheless, this proceeding was presented and argued upon the assumption that zoning statutes had been duly and properly ratified by the voters of the City of Bluefield, as establishing a clear legal right to the relief sought. Mandamus should not be granted on assumptions of that kind. I think it was incumbent upon the relator to show

that the statute had been duly and properly adopted in accordance with the terms thereof; otherwise he could not invoke the benefit thereof.

However, I think the writ was properly awarded in this proceeding under the authority of the zoning ordinance of the City of Bluefield filed by respondents, and which I consider as evidence of the law of that municipality. But I do not think this ordinance can be considered as implementing or carrying out the provisions of a statute not shown to be applicable to the municipality in question.

Judge Kenna authorizes me to say that he joins in this concurrence.